**IN THE UNITED STATES DISTRICT COURT FOR**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE MILLER | ) | |
| | ) | |
| and | ) | CASE NO.  1:17-cv-00763-DAP |
| | ) | |
| MARY ALYCE DAWSON | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| individually, and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTELEOS, INC., f/k/a the AMERICAN REGISTRY OF DIAGNOSTIC MEDICAL SONOGRAPHY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

This matter has been resolved by compromise as a result of mediation held before Judge Dan Aaron Polster on September 28, 2017 (the "Mediation"), subject to Court approval of the terms and conditions of this Settlement Agreement, by and among Stephanie Miller and Mary Alyce Dawson (the "Named Plaintiffs" or "Class Representatives"), individually and on behalf of themselves and on behalf of the proposed Settlement Class (defined below) (the "Settlement Class") (the Settlement Class and the Named Plaintiffs shall be collectively referred to as "Plaintiffs" where applicable), on the one hand, and Inteleos, Inc. f/k/a American Registry for Diagnostic Medical Sonography, Inc. ("ARDMS") on the other.  Plaintiffs and ARDMS are collectively referred to herein as the "Parties."  The Parties intend to memorialize the agreement reached at Mediation and this Settlement Agreement is intended by the Parties to make clear that Named Plaintiffs Stephanie Miller and Mary Alyce Dawson and the Settlement Class fully,

**EXHIBIT A**

finally, and forever resolve and settle with and release and discharge American Registry for Diagnostic Medical Sonography, Inc. and Inteleos, Inc., of and from all claims, causes of action, lawsuits, judgments, and demands of whatsoever in kind, in law or in equity, known or unknown, foreseen and unforeseen, that arise from or are related in any way to the above-captioned class action lawsuit, *Miller, et al. v. Inteleos, Inc.,* Case No. 1:17-cv-00763-DAP, filed in the United States District Court for the Northern District of Ohio (the "Class Action Lawsuit"), any fact and/or circumstance related to any incorrect scoring of any Registered Vascular Technology ("RVT") exam(s) taken by Plaintiffs, or any fact and/or circumstance which has been alleged, or which could have been alleged, in the Class Action Lawsuit arising out of the incorrect scoring of the RVT exam(s).

## I.    RECITALS

WHEREAS, in March 2017, ARDMS discovered a scoring error in connection with the administration of its RVT exam during the period of September 6, 2016 to March 14, 2017 that resulted in 403 exam takers erroneously receiving a failing score (the "Affected Exam Takers").

WHEREAS, upon the discovery of the scoring error, ARDMS immediately corrected the error and advised the 403 Affected Exam Takers that it would reimburse them for their exam fees and related expenses, and to submit documentation for any additional expenses or damages.

WHEREAS, ARDMS then sent settlement packages to the putative class members, which contained, *inter alia,* disclosures and checks that reimbursed exam takers for the cost of their exam(s). The checks were for $250, $500, or $750 ("Initial Check," "Initial Checks," or "Initial Check(s)") depending on how many times the individual took the exam.  Because the exam takers were reimbursed for *all* of the relevant "failed" exams and subsequently received a

passing score without paying for and sitting for an additional exam, exam takers did not have to pay for an exam that they ordinarily would have had to pay for.  A handful of individuals also received an additional $35 and/or $25 for the costs they paid to verify their score and/or reimbursement for a practice exam, as the case may be.  Where applicable, this amount was also included in the Initial Checks.

WHEREAS, the settlement letter, which accompanied the reimbursement check in the settlement package, advised the exam takers, *inter alia*, that: (1) they may contact ARDMS for additional compensation if they believed that the initial check did not fully compensate them for their losses; (2) they should not cash the check if they believed that the enclosed check did not fully compensate them; and (3) that by cashing the check, the exam taker was fully releasing ARDMS from liability.  *See* Dkt. No. 21.

WHEREAS, ARDMS reached agreement with 342 of the 403 Affected Exam Takers to reimburse them for their expenses and damages, as follows:

- 85 Affected Exam Takers asked for and received additional compensation in addition to the Initial Checks ("Affected Non-Settlement Class Members").  This additional compensation purportedly compensated these individuals for, *inter alia*, exam fees and related expenses, lost wages, lost opportunities, time spent studying and study materials, and/or consequential damages and/or emotional harm.  ARDMS has asserted that by cashing these checks, the Affected Non-Settlement Class Members released their individual claims.  The Affected Non-Settlement Class Members are not part of the Settlement Class, and any rights they may have are not altered by this Settlement.

3

- 257 Affected Exam Takers did not request additional compensation from ARDMS and cashed the Initial Checks that were sent to them by ARDMS. ARDMS has asserted that it provided them with full and complete disclosures, and ARDMS further asserts that by cashing the Initial Checks these 257 Affected Exam Takers released their individual claims. Plaintiffs contend that the purported individual releases were invalid because, *inter alia,* these 257 individuals did not receive additional compensation above and beyond the Initial Checks. Two of these 257 Affected Exam Takers (both of whom are represented by Class Counsel) will not be part of the Settlement Class as they previously entered into a separate agreement. Therefore, there are 255 individuals who did not request additional compensation and cashed their Initial Checks and who are part of the Settlement Class.

- 61 of the 403 Affected Exam Takers (including the two Named Plaintiffs) did not cash their Initial Checks, and did not request and did not receive additional compensation from ARDMS. Two of these 61 Affected Exam Takers have retained other counsel that is not Class Counsel and are expected to Opt-Out of the Settlement Class.

WHEREAS, during the period in which ARDMS was working with the Affected Exam Takers to reimburse them for expenses and damages, Named Plaintiffs filed the instant Class Action Lawsuit alleging that the scoring error constituted breach of contract, negligence, violation of the Maryland Consumer Protection Act, violation of the Ohio Consumer Sales Practices Act, violation of the Ohio Deceptive Trade Practices Act, and unjust enrichment.

4

Named Plaintiffs sought actual and consequential damages, including the cost of the exam, the cost of study materials, travel expenses, lost wages, lost employment opportunities; non-economic damages for emotional distress, aggravation, and embarrassment; and treble damages under the Ohio Consumer Sales Practices Act; and punitive damages and attorneys' fees.

WHEREAS, the Named Plaintiffs also moved to enjoin ARDMS from communicating and resolving claims with and obtaining individual releases from the exam takers relative to the claims asserted in the Complaint.  In doing so, Named Plaintiffs sought to invalidate the individual releases.  ARDMS maintained, and continues to maintain, that the individual releases are valid and enforceable.  On May 11, 2017, the Court held an in-person conference and indicated that the individual releases were valid, and on May 12, 2017, the Court denied Named Plaintiffs' motion, concluding that the complained-of communications were proper and that they were not misleading or deceptive.  *See* Dkt. No. 21. There was no judicial determination by the Court that the individual releases were invalid.  *See id.*  The Court stayed discovery and allowed the pre-certification communications to continue for approximately sixty (60) days as set forth in the May 12, 2017 Order.

WHEREAS, throughout the pendency of this case, the Parties vigorously opposed each other's legal and damages positions. More specifically, and for example, the Named Plaintiffs disputed that the individual releases were valid and ARDMS disputed the Named Plaintiffs' damages claims.

WHEREAS, from the May 11, 2017 Court conference through the Mediation on September 28, 2017, the Parties, by counsel, engaged in ongoing and detailed arm's length settlement negotiations.

WHEREAS, the Parties, by counsel, participated in a successful Mediation before the Honorable Dan Aaron Polster on September 28, 2017. The Parties have concluded and agree that the interests of fairness, consistency, and efficiency are best served by this class settlement.

WHEREAS, while Class Counsel and the Named Plaintiffs believe that the claims asserted in the Complaint are meritorious, Class Counsel and the Named Plaintiffs recognize that this Class Action Lawsuit, especially given the defenses, including ARDMS' contention that the individual releases are valid and enforceable, has an uncertain outcome and that pursuing this litigation through trial would involve substantial risk, costs, and inevitable delay. Based upon their evaluation of the facts and law, and weighing the risks and the benefits, Class Counsel and the Named Plaintiffs have determined that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class.

WHEREAS, ARDMS denies any and all allegations of wrongdoing and liability, and the Parties understand and agree that neither the payment of consideration nor this Settlement Agreement shall constitute or be construed as an admission of liability or wrongdoing by ARDMS. Nevertheless, ARDMS recognizes the risks, uncertainties, and costs of litigation, and therefore, desires to resolve this matter through settlement.

NOW THEREFORE, it is hereby STIPULATED AND AGRED, by and among the Parties, through their counsel, and subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that Plaintiffs' Released Claims shall be finally and fully compromised, settled, and released and that this Class Action Lawsuit shall be dismissed with prejudice, upon and subject to the terms and conditions of this Settlement Agreement.

## II.    DEFINITIONS

"Affected Exam Takers" means the 403 exam takers who took one or more RVT exams administered by ARDMS from September 6, 2016 to March 14, 2017 and who, because of a process error, received a "failing score" when they had in fact passed the exam(s).

"Affected Non-Settlement Class Members" means those Affected Exam Takers who asked for and received additional compensation above and beyond the sum of the Initial Check(s) to compensate them for losses, including, *inter alia*, exam fees and related expenses, lost wages, lost opportunities, time spent studying and study materials, and/or consequential damages and/or emotional harm.  ARDMS has asserted that the Affected Non-Settlement Class Members released their individual claims.  The Affected Non-Settlement Class Members are not part of the Settlement Class, and any rights they may have are not altered by this Settlement. There are 85 Affected Non-Settlement Class Members.

"ARDMS" means Inteleos, Inc. f/k/a American Registry for Diagnostic Medical Sonography, Inc., Inteleos, Inc., and/or ARDMS.  "ARDMS" also means American Registry of Diagnostic Medical Sonography, Inc., which was improperly pled in the caption in the Complaint.

"Attorneys' Fee and Expense Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

"Authorized Claimants" are the Settlement Class Members who do not Opt-Out of the Settlement Class and Subclass 1 Members who submit valid Claim Forms.

"Claim Form" means the form for submission of claims by Subclass 1 Members and approved by the Court, substantially in the form attached hereto as Exhibit 3.

7

"Class Action Lawsuit" means the class action lawsuit, *Miller, v. et al. v. Inteleos, Inc.,* Case No. 1:17-cv-00763-DAP, filed in the United States District Court for the Northern District of Ohio.

"Class Counsel" means Marc E. Dann and William C. Behrens of the Dann Law Firm Co., LPA, and Thomas A. Zimmerman, Jr., Sharon A. Harris, and Maebetty Kirby of the Zimmerman Law Offices, PC.

"Complaint" or "Class Action Complaint" means the Class Action Complaint filed in this Class Action Lawsuit.

"Court" means the United States District Court for the Northern District of Ohio, Hon. Dan Aaron Polster (the court in which the Lawsuit is pending).

"Effective Date" means one (1) business day following the later of (a) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; or (b) if there is any appeal or appeals, the date of dismissal or completion of such appeal(s), in a manner that fully affirms and leaves in place the Final Approval Order without any material modifications.

"Fairness Hearing" or "Final Approval Hearing" means the hearing at which the Parties will request the Court to confirm certification of the Settlement Class, to grant final approval of the Settlement Agreement as fair, reasonable, and adequate, and to approve the Attorneys' Fee and Expense Award and the Service Award, and to enter the Final Approval Order.

"Final Approval Order" and "Final Approval" means the final order entered by the Court approving the Settlement Agreement, substantially in the form of Exhibit 2 attached hereto, on the terms mutually satisfactory to the Parties that has become final and non-appealable.

8

"Initial Check," Initial Checks," or "Initial Check(s)" means the $250, $500, or $750 checks, depending on how many times the Affected Exam Taker took the RVT exam(s), that were sent by ARDMS to Affected Exam Takers to cover the cost of the RVT exam(s). "Initial Checks" also includes the amounts paid to a handful of individuals to reimburse them for the cost they paid to verify their score(s) and/or reimbursement for a practice exam(s) (amounting to an additional $35 and/or $25, respectively).

"Mediation" means the mediation that was held before Judge Dan Aaron Polster on September 28, 2017 whereat the Parties reached an agreement to settle this Class Action Lawsuit, which is memorialized in this Settlement Agreement.

"Named Plaintiffs" or "Class Representatives" means Stephanie Miller and Mary Alyce Dawson, individually and as the representatives of the Settlement Class.

"Net Settlement Amount" means the Settlement Amount less the Attorneys' Fee and Expense Award, the Service Award, and the costs of class notice and settlement administration.

"Notice Date" means the date upon which the Settlement Subclass 1 Notice and the Settlement Subclass 2 Notice are first disseminated to the Settlement Class.

"Opt-Out and Objection Deadline" means the deadline for a Settlement Class Member to submit a written Objection or Request for Exclusion that is no more than forty-five (45) days after the Notice Date.

"Parties" means Plaintiffs and ARDMS.

"Plaintiffs" means the Settlement Class and the Named Plaintiffs.

"Plan of Allocation" means the allocation plan for payment of the Net Settlement Amount to Settlement Class Members.

9

"Preliminary Approval" means the Court's entry of the Preliminary Approval Order, substantially in the form of Exhibit 1 attached hereto.

"Request for Exclusion" or "Opt-Out" means the timely written communication by or on behalf of a person in the Settlement Class in which he or she requested to be excluded from the Settlement Class.

"Settlement" means the terms and conditions of this Settlement Agreement.

"Settlement Administrator" means, subject to the approval of the Court and agreement of ARDMS, the entity selected by Class Counsel to administer the Settlement. The Settlement Administrator's address and toll-free telephone number for Settlement Class Members to call for information shall be placed on all forms of Settlement Class Notice and the Settlement Website.

"Settlement Amount," "Settlement Payment" and "Settlement Funds" means the amount paid by ARDMS, Five-Hundred Seventy-Two Thousand Six-Hundred Forty-One Dollars and Zero Cents ($572,641.00) to fully resolve and settle this Class Action Lawsuit.

"Settlement Class" or "Settlement Class Members" means the members of Subclass 1 and Subclass 2.  The Settlement Class does not include any of the Affected Non-Settlement Class Members.  The Settlement Class also does not include the two individuals who may have been part of Subclass 2 and who signed a retainer agreement with Class Counsel, but previously entered into a separate agreement and Class Counsel represented at Mediation that they would be excluded. The Settlement Class does not include ARDMS and Inteleos, Inc., and their respective officers, directors, and employees, board members, affiliated, related companies, or entity that has a controlling interest in ARDMS or Inteleos, Inc., and all of their respective employees, agents, board members, affiliates, legal representatives, heirs, successors, or assigns, Class

10

Counsel and their immediate family members, and the judge to whom this case is assigned and the judge's immediate family.

"Settlement Subclass 1 Notice" means the notice of the pendency and proposed settlement of the Class Action Lawsuit, including Electronic-Mail Notice and Postcard Notice, substantially in the forms attached hereto as Exhibits 4 and 5.

"Settlement Subclass 2 Notice" means the notice of the pendency and proposed settlement of the Class Action Lawsuit, including Electronic-Mail Notice and Postcard Notice, substantially in the forms attached hereto as Exhibits 6 and 7.

"Settlement Website" means an informal website about the Settlement with any easy to remember domain name to be set up and maintained by the Settlement Administrator, as more fully described in Section VIII.C below.

"Subclass 1" means those Affected Exam Takers who received an Initial Check(s) from ARDMS, but did not cash the Initial Check(s) and did not request and did not receive additional compensation from ARDMS.  Subclass 1 potentially consists of 61 total individuals, but two of these individuals are represented by other counsel (not Class Counsel) and it is expected that these two individuals will Opt-Out of the Settlement Class.  Therefore, there are 59 individuals expected in Subclass 1.

"Subclass 1 Fund" means the Four-Hundred Forty-Five Thousand One-Hundred Forty-One Dollars and Zero Cents ($445,141.00), less the proportionate Attorneys' Fee and Expense Award, Service Award, and costs of class notice and settlement administration, that shall be distributed to Subclass 1 Members.

"Subclass 1 Member" means an individual who is a member of Subclass 1.

"Subclass 2" means those Affected Exam Takers who cashed the Initial Checks sent to them by ARDMS and who did not request or receive additional compensation. There could have been up to 257 individuals who may have been eligible to be in Subclass 2.  However, two of the 257 individuals signed retainer agreements with Class Counsel and Class Counsel represented at the Mediation that these two individuals are not part of the Settlement Class, as they previously entered into a separate agreement. Therefore, there are 255 individuals in Subclass 2.

"Subclass 2 Fund" means the One-Hundred Twenty-Seven Thousand Five-Hundred Dollars and Zero Cents ($127,500.00), less the proportionate Attorneys' Fee and Expense Award, Service Award, and costs of class notice and settlement administration, that shall be distributed to Subclass 2 Members.

"Subclass 2 Members" means an individual who is a member of Subclass 2.

## III.  SETTLEMENT PAYMENT AND PLAN OF ALLOCATION

A.  The Settlement Class:  The Parties hereby stipulate and agree that, for the purpose of this Settlement Agreement, the Settlement Class is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.  To effectuate settlement only, Plaintiffs and ARDMS will request that the Court certify a Settlement Class.  There are up to 316 persons who are in the Settlement Class. The Settlement Class is comprised of two Subclasses, as defined in Section II above and as follows:

1.  Subclass 1:  All individuals who took a Registered Vascular Technology (RVT) examination administered by ARDMS from September 6, 2016 to March 14, 2017, who passed the examination but received an incorrect failing score, and who did not cash

their Initial Checks to cover the cost of the exam(s) and who did not request and did not receive additional compensation from ARDMS.

This Subclass consists of potentially 61 individuals, but two of these individuals are represented by other counsel and it is expected that these two individuals will Opt-Out of the Settlement Class. Therefore, there are 59 expected individuals in Subclass 1.

2.    Subclass 2:    All individuals who took a Registered Vascular Technology (RVT) examination administered by ARDMS from September 6, 2016 to March 14, 2017, who passed the examination but received an incorrect failing score, and who cashed their Initial Checks and did not request and did not receive additional compensation from ARDMS above and beyond the Initial Checks.  This Subclass consists of potentially 257 total individuals, but 2 of these individuals, who signed a retainer agreement with Class Counsel, will be excluded from the Settlement Class.  Therefore, there are 255 expected individuals in Subclass 2.

3.    The Affected Non-Settlement Class Members not part of the Settlement Class:    All individuals who took a Registered Vascular Technology (RVT) examination administered by ARDMS from September 6, 2016 to March 14, 2017, who passed the examination but received an incorrect failing score, and who asked for and received additional compensation, in addition to the Initial Checks that reimbursed them for the cost of the exam(s) are not part of the Settlement Class.  These individuals had the opportunity to request additional compensation to make them whole, and did, in fact, ask for and receive additional compensation to compensate them for a multitude of categories of claimed losses, including exam fees and related expenses, lost wages, lost opportunities, time spent studying and study materials, and consequential damages and emotional harm.  By requesting and receiving the additional

13

compensation, and by cashing their checks after they were provided with the aforementioned disclosures by ARDMS, ARDMS has asserted that these individuals released their individual claims against ARDMS.   Any rights these individuals may have are not altered by this Settlement.

       4.    <u>If a Member of Subclass 1 cashes his or her Initial Check:</u>  The     Initial Checks are scheduled to expire or be void prior to the granting of Preliminary Approval. In the event that a member of Subclass 1 cashes his or her Initial Check prior to the Court granting Preliminary Approval of this Settlement Agreement, such individual will be moved from Subclass 1 to Subclass 2 and the total sum of the Subclass 1 Fund shall be reduced by Five Hundred Dollars ($500.00) for each Initial Check that is cashed and the total sum for the Subclass 2 Fund shall then be increased by Five Hundred Dollars for each Initial Check that was cashed. Further, a few individuals who may be in Subclass 1 requested and received additional compensation beyond the Initial Check, but they did not cash the check(s) representing additional compensation.  In the event that such an individual(s) cashes his or her check with the additional compensation (prior to the check's expiration), such individual(s) shall be deemed to be an Affected Non-Settlement Class Member who will not be part of the Settlement Class. ARDMS asserts that by cashing his or her check with the additional compensation, such individual(s) has released his or her individual claims. Any rights they may have are not altered by this Settlement.  The happening of such preceding event(s) has no effect on the Settlement Amount.

B.      Settlement Amount:

ARDMS shall make a Settlement Payment in the amount of Five-Hundred Seventy-Two Thousand Six-Hundred Forty-One Dollars and Zero Cents ($572,641.00) to fully resolve and settle this Class Action Lawsuit.  This Settlement Payment is intended to be all-inclusive and is intended to resolve any and all payments that Named Plaintiffs and Settlement Class Members have against ARDMS.  This Settlement Payment includes all payments to Named Plaintiffs and Settlement Class Members, including for attorneys' fees and costs, incentive payments or service awards, and costs of class notice and settlement administration.

C.      Distribution of Settlement Funds:

Subject to Section III.A.4 above, the Settlement Amount shall be distributed as follows:

1.      Distribution of Subclass 1 Fund:       Four-Hundred Forty-Five Thousand One Hundred Forty One Dollars and Zero Cents ($445,141.00), less proportionate Attorneys' Fee and Expense Award, Service Award, and costs of class notice and settlement administration, shall be distributed among Subclass 1 Members.

a.      Claim Form:  Subclass 1 Members will be required to complete and submit a Claim Form (Exhibit 3), subject to Court approval, which will be available as an attachment to the Subclass 1 Electronic-Mail Notice and on the Settlement Website, in order to receive payments from the Net Settlement Amount from the Subclass 1 Fund.  The Claim Form will be customized and set forth the name of the Subclass 1 Member, the number of times and the dates during the Class Period that he/she took the RVT examination(s), the amount in registration fees he/she paid to take the examination(s) during the Class Period, the amount he/she paid to verify his/her examination(s) result(s) or to take a practice examination(s), and the

15

amount he/she is entitled to under the Settlement for non-economic damages to compensate him/her for the stress and aggravation related to the False Fail(s) (defined below). Subclass 1 Members will be required to fill in information for any of the other categories of damages for which they are seeking additional compensation. Subclass 1 Members may only seek damages that they incurred *after* they were incorrectly advised for the first time that they failed an RVT examination that they had actually passed ("False Fail"). Subclass 1 Members *cannot* seek damages for items that occurred *prior* to the first False Fail, although they will be receiving a refund of all of their examination registration fees and fees to verify their examination result(s) and take practice examination(s) under the Settlement. If a Subclass 1 Member sustained damages in an amount *less* than the maximum possible recovery that can be obtained without supporting documentation, as set forth for each category of damages (as stated in the Claim Form), they do not have to submit any documents to support their claimed damages for that category. However, if a Subclass 1 Member believes he/she sustained damages *greater* than the maximum possible recovery that can be obtained without supporting documentation (as set forth for each category), then they must submit supporting documentation along with the Claim Form to the Settlement Administrator. Missing documentation or insufficient support may affect the amount that a Subclass 1 Member may be able to recover. Subclass 1 Members will be required to confirm their name, mailing address, telephone number, and email address. Subclass 1 Members will also be required to attest to the truthfulness of the contents of the Claim Form. The Settlement Administrator, ARDMS, and Class Counsel reserve the right to verify all of the information Subclass 1 Members put in the Claim Form, including any accompanying documentation, and, in order to guard against fraudulent claims, Subclass 1 Members may be

16

requested and required to provide documentation to substantiate the damages they have identified for a category, even if they are seeking *less* than the maximum possible recovery that can be obtained without supporting documentation. Each Subclass 1 Member who submits a timely, valid Claim Form and is thus an Authorized Claimant will be paid an amount from the Net Settlement Amount from the Subclass 1 Fund calculated in accordance with Section III.C.1.b. Subclass 1 Members must submit a completed Claim form by a deadline that is approximately seventy (70) days after the Notice Date, subject to Court approval. The deadline for submitting a completed Claim Form will be clearly set forth in the Settlement Class Notice, Claim Forms, and Settlement Website.

b. Payments to Subclass 1 Members:

Each Subclass 1 Member who does not Opt-Out will be entitled to a monetary payment from the Net Settlement Amount of the Subclass 1 Fund based, in part, upon the applicable categories known and/or selected by the Subclass 1 Member on the Claim Form and, if seeking damages *greater* than the maximum possible recovery that can be obtained without supporting documentation (as set forth for each category), based on the supporting documentation or substantiation provided by the Subclass 1 Member. Based upon the amount sought, any required supporting documentation provided to the Settlement Administrator, and the available Net Settlement Amount from the Subclass 1 Fund, the Settlement Administrator shall have discretion to determine how much monetary relief each Subclass 1 Settlement Class Member receives.

2. Distribution of Subclass 2 Fund: One-Hundred Twenty-Seven Thousand Five-Hundred Dollars and Zero Cents ($127,500.00), less proportionate Attorneys' Fee and Expense Award, Service Award, and costs of class notice and settlement administration, shall be

distributed among Subclass 2 Members.  Each member in Subclass 2 who does not Opt-Out shall automatically receive a check in the amount of Five-Hundred Dollars ($500.00), less proportionate Attorneys' Fee and Expense Award, Service Award, and costs of class notice and settlement administration.  Subclass 2 Members need not make a claim or submit a Claim Form. A letter from ARDMS and Class Counsel, substantially in the form of <u>Exhibit 9</u> attached hereto, will accompany the check.

        3.      <u>Additional Allocation and Adjustments</u>:  To the extent necessary, the Settlement Administrator shall adjust the amounts of individual payments to Settlement Class Members within each Subclass Settlement Fund by increasing or decreasing the payments on a *pro rata* basis in order to fully allocate and pay the full Net Settlement Amount of each Settlement Fund so that no money remains or reverts back to ARDMS.

        4.      <u>Payment is Final and Conclusive</u>:  Payment in accordance with this Settlement Agreement shall be deemed final and conclusive against all Settlement Class Members. Subclass 1 Members who fail to Opt-Out and who fail to submit a timely and valid Claim Form or whose claim is otherwise not approved by the Settlement Administrator shall be barred from participating in and receiving any distributions from the Net Settlement Amount, but shall be bound by all terms of this Settlement Agreement, including the Final Approval Order and the release of Plaintiffs' Released Claims.  Similarly, Subclass 2 Members who fail to Opt-Out and are sent a check from the Subclass 2 Fund are barred from participating in any further distributions from the Net Settlement Amount, and shall be bound by all terms of this Settlement Agreement including the Final Approval Order and the release of Plaintiffs' Released Claims, notwithstanding the fact that ARDMS asserts that these individuals previously released their

individual claims against ARDMS. Nothing herein shall constitute a waiver of ARDMS' contention that the prior individual releases ARDMS asserts it obtained from Subclass 2 Members are valid and enforceable and that these individuals previously released their individual claims against ARDMS. All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of a claim, shall be subject to the jurisdiction of the Court.

D.     <u>Methods and Timing of Payments:</u>  Within twenty (20) days after entry of the Preliminary Approval Order, ARDMS shall pay $100,000.00 of the Settlement Amount to the Settlement Administrator in accordance with instructions to be provided by the Settlement Administrator. The Settlement Administrator shall pay from this initial payment the costs of Settlement Subclass 1 Notice, Settlement Subclass 2 Notice, the Settlement Website, and settlement administration.  Within twenty (20) days after the Effective Date, ARDMS shall pay the $472,641.00 balance of the Settlement Amount to the Settlement Administrator in accordance with instructions to be provided by the Settlement Administrator.  Upon ARDMS' remaining payment of the Settlement Amount, the Settlement Administrator shall pay the Attorneys' Fee and Expense Award to Class Counsel and the Service Award, as approved by the Court, to the Class Representatives.  The Settlement Administrator shall then pay from the Net Settlement Amount the payments due to Authorized Claimants by mailing the checks for the amounts due to them within seven (7) days after receiving the remaining payment of the Settlement Amount.  The settlement checks shall be void if not cashed within six (6) months after the date of issuance.  In the event that a balance of the Net Settlement Amount remains as a

result of Settlement Class Members' failure to cash checks within the stated expiration period, or for any other reason, said remaining funds shall be paid *cy pres* to an appropriate charity(ies) selected by Class Counsel and approved by the Court.

      E.    <u>Reporting:</u>    No later than fourteen (14) days after the Opt-Out and Objection Deadline, the Settlement Administrator shall provide a declaration to Class Counsel and ARDMS' counsel attesting to the number of Opt-Outs, if any, and attesting to the measures taken to provide the class notice to the Settlement Class Members.  No later than fourteen (14) days after the deadline for Settlement Class Members to submit a Claim Form, the Settlement Administrator shall provide a declaration to Class Counsel and ARDMS' counsel attesting to the number of Claim Forms received and the claimant and payment information for all claims to be paid and disallowed.

      F.    <u>Accounting:</u>    No later than two (2) months after the settlement checks are void, Class Counsel shall file a final accounting with the Court setting forth a summary of the payments from the Settlement Amount to the Settlement Administrator (for class notice and settlement administration), Class Counsel (for fees, costs, and expenses), the Class Representatives (for the Service Awards), and the Settlement Class Members.

## IV.   RELEASE

    <u>Plaintiffs' Released Claims:</u>  Upon the Effective Date and in consideration of ARDMS' payment of the Settlement Amount, Named Plaintiffs and Settlement Class Members, on behalf of themselves, and their agents, representatives, attorneys, family members, heirs, representatives, executors, administrators, assignees, predecessors, and/or successors in interest, hereby fully, finally, and forever release and forever discharge American Registry for Diagnostic

Medical Sonography, Inc., Inteleos, Inc., and ARDMS, and their agents, employees, owners, shareholders, principals, officers, directors, attorneys, heirs, representatives, executors, administrators, assignees, predecessors in interest, parent companies, subsidiaries, affiliates, related companies, and insurers, of and from all claims, causes of action, lawsuits, judgments, and demands of whatsoever in kind, in law or in equity, known or unknown, foreseen and unforeseen, that arise from or are related in any way to the Class Action Lawsuit, any fact and/or circumstance related to any incorrect scoring of any Registered Vascular Technology ("RVT") exam(s) taken by Plaintiffs, or any fact and/or circumstance which has been alleged, or which could have been alleged, in the Class Action Lawsuit arising out of the incorrect scoring of the RVT exam(s) (the "Plaintiffs' Released Claims").

<u>Defendant's Released Claims</u>.  ARDMS and ARDMS's counsel hereby release and forever discharge all claims, rights or causes of action, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, or common law, rule or regulation, against the Named Plaintiffs, any of the Settlement Class Members, or Class Counsel, including their respective spouses, children, heirs, associates, co-owners, agents, administrators, executors, devisees, predecessors, and representatives, that arise out of or are in any way related to the prosecution of the Class Action Lawsuit.

## V.     CERTIFICATION OF SETTLEMENT CLASS

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only and subject to the approval of the Court, the Parties stipulate to certification of the Settlement Class and the Subclasses defined and described above and to the appointment of Stephanie Miller and Mary Alyce Dawson as Class Representatives for the Settlement Class.

Should the Court not enter the Final Approval Order or the Effective Date not occur, the certification of the Settlement Class shall be void, the Settlement Class shall be automatically decertified, and this Settlement Agreement shall not constitute, be construed as, or be admissible as evidence of, an admission by any Party, or be used for any purpose whatsoever in this Class Action Lawsuit or any other lawsuit.  If the Settlement Agreement is not approved or is terminated for any reason, all rights and positions of the Parties existing prior to the execution of this Settlement Agreement with respect to class certification shall be preserved.

## VI.  PRELIMINARY APPROVAL

Plaintiffs and Class Counsel will use their best efforts to apply to the Court for an order preliminarily approving the terms of the Settlement Agreement on or before November 14, 2017. The motion shall be submitted jointly. The motion for preliminary approval (and all subsequent motions relating to the approval of the Settlement) shall be filed with and determined by the Court and will include a request that the Court:

1.  Certify the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

2.  Appoint Stephanie Miller and Mary Alyce Dawson as Class Representatives of the Settlement Class;

3.  Appoint Class Counsel to represent the Settlement Class;

4.  Explain that Plaintiffs' claims in the Complaint may have merit, but that Plaintiffs and Class Counsel recognize that, given ARDMS' defenses including ARDMS' contention that the individual releases are valid and enforceable, the claims in the Class Action Lawsuit have an uncertain

22

outcome, and that pursuing this litigation through trial would involve substantial risk, costs, and inevitable delay; and based upon their evaluation of the facts and law, and weighing the risks and the benefits, Class Counsel and the Named Plaintiffs have determined that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class; and explain that the Affected Non-Settlement Class Members have sought from ARDMS and received additional compensation over and above the Initial Check(s) and cashed their checks with the additional compensation, and thus, ARDMS maintains that such individuals have released their individual claims; these individuals are not part of the Settlement Class, and any rights they may have are not altered by this Settlement;

5.      Preliminarily approve the Settlement Agreement and Plan of Allocation for purposes of disseminating notice to the Settlement Class;

6.      Approve the form and contents of the Settlement Class Notice and the method of is dissemination to Settlement Class Members; and

7.      Schedule a Fairness Hearing to (a) review and rule upon any Objections to the Settlement, (b) consider the fairness, reasonableness, and adequacy of the Settlement, (c) consider whether the Court should issue the Final Approval Order approving the Settlement and granting Class Counsel's application for an Attorneys' Fee and Expense Award and Service Award

23

and dismissing the Class Action Lawsuit with prejudice, and (d) consider such other matters as the Court may deem appropriate.

The proposed Preliminary Approval Order (Exhibit 1), will be submitted with the Parties' joint motion seeking preliminary approval.

## VII.    FINAL APPROVAL

A.     This Settlement Agreement is subject to and conditioned upon the Court's entry of a Final Approval Order (Exhibit 2) following the Fairness Hearing.

B.     Upon the Effective Date, the Parties will stipulate to the dismissal of the Class Action Lawsuit with prejudice, with all Parties to bear their own costs, expenses, and fees except as provided under this Settlement Agreement.

## VIII.   SETTLEMENT CLASS NOTICE

A.     <u>Settlement Class List:</u>    Within seven (7) days after Preliminary Approval a list of Settlement Class Members, showing which of them would be in Subclass 1 and which of them would be in Subclass 2 will be provided by ARDMS to the Settlement Administrator in a format as requested by the Settlement Administrator.   The class list will contain the name, mailing address, and e-mail address of each of the Settlement Class Members as contained in ARDMS' records. The class list will also provide the following information from ARDMS' records with regard to each Subclass 1 Member: (1) the number of times the Subclass 1 Member "False Failed" the RVT examination, and the date(s) of each examination that was erroneously reported as a "False Fail", (2) the amount of money the Subclass 1 Member paid ARDMS in registration fees to take all RVT examination(s) between September 6, 2016 to March 14, 2017, (3) the amount of money the Subclass 1 Member paid to verify all of his/her examination result(s) for all

RVT examination(s) taken between September 6, 2016 to March 14, 2017, and (4) the amount of money the Subclass 1 Member paid for all practice RVT examination(s) taken between September 6, 2016 to March 14, 2017.

B.       <u>Direct Notice:</u> No later than thirty (30) days after Preliminary Approval, the Settlement Class Notice shall be disseminated as follows:

1.       <u>To Settlement Class Members in Subclass 1:</u>

a.       <u>Electronic Mail:</u>       The Settlement Administrator shall attempt to transmit via electronic mail the Subclass 1 Electronic-Mail Notice (<u>Exhibit 4</u>) and the Claim Form (<u>Exhibit 3</u>) to Subclass 1 Members.  The Claim Form is described in detail above in Section III.C.1.a. The Subclass 1 Electronic-Mail Notice to Subclass 1 Members will also inform the Subclass 1 Members that they can download another copy of their Claim Form, which will be customized for each Subclass 1 Member, by visiting the Settlement Website and inputting their personal identification number that will be provided along with the Email.  The customized Claim Form can also be filled-out electronically on the Settlement Website based on their personal identification number.

b.       <u>U.S. Mail:</u>       The Settlement Administrator shall mail the Subclass 1 Postcard Notice (<u>Exhibit 5</u>) to all Settlement Class Members in Subclass 1 (for whom a mailing address was provided in the class list).  The Subclass 1 Postcard Notice will inform the Subclass 1 Members that they can download their Claim Form, which will be customized for each Subclass 1 Member, by visiting the Settlement Website and inputting their personal identification number that will be provided on the Subclass 1 Postcard Notice. The customized

Claim Form can also be filled-out electronically on the Settlement Website based on their personal identification number.

        2.     <u>Regarding Settlement Class Members in Subclass 2:</u>

        a.     <u>Electronic Mail:</u>     The Settlement Administrator shall attempt to transmit via electronic mail the Subclass 2 Electronic-Mail Notice (<u>Exhibit 6</u>) to Subclass 2 Members.  The Subclass 2 Electronic-Mail Notice will advise Settlement Class Members in Subclass 2 of the terms of the Settlement and the mailing address that ARDMS has for them in its records, and request that they provide the Settlement Administrator with their new mailing address if it is different than the mailing address that ARDMS has for them in its records.  The Subclass 2 Electronic-Mail Notice to Subclass 2 Members will also direct the Subclass 2 Members to the Settlement Website.

        b.     <u>U.S. Mail:</u>     The Settlement Administrator shall mail the Subclass 2 Postcard Notice (<u>Exhibit 7</u>) to all Settlement Class Members in Subclass 2 (for whom the Settlement Administrator is able to obtain a mailing address).  The Subclass 2 Postcard Notice will advise Settlement Class Members in Subclass 2 of the terms of the Settlement and the mailing address that ARDMS has for them in its records, and request that they provide the Settlement Administrator with their new mailing address if it is different than the mailing address that ARDMS has for them in its records.  The Subclass 2 Postcard Notice will direct the Subclass 2 Member to the Settlement Website.

        C.     <u>Settlement Website:</u>  At the time the Settlement Class Notice is disseminated, and no later than thirty (30) days after Preliminary Approval of this Settlement Agreement, including approval of the form and content of the Settlement Class Notice, the Settlement

Administrator shall cause the Settlement Website to be activated on the Internet.  The Settlement Website shall include the Settlement Administrator's toll-free telephone number for Settlement Class Members to call for information; links to the Detailed Notice (substantially in the form attached hereto as <u>Exhibit 8</u>); relevant case documents in connection with the Settlement Agreement; a downloadable Claim Form for Subclass 1 Members; a fillable copy of a Claim Form that can be submitted electronically; and such other documents and information as may be agreed on by the Parties or ordered by the Court.

## IX.    ATTORNEYS' FEES, COSTS AND EXPENSES

Class Counsel will make an application to the Court for payment from the Settlement Amount of attorneys' fees of up to one-third (1/3) of the Settlement Amount plus the costs and expenses that Class Counsel has incurred in the prosecution of the Class Action Lawsuit.  Said application shall be filed at least fourteen (14) days prior to the Opt-Out and Objection Deadline, and ARDMS will not object to said application.  The amount of fees, costs and expenses awarded by the Court shall be deducted from the Settlement Amount and paid by the Settlement Administrator as awarded by the Court.  Class Counsel's support of the Settlement Agreement as fair and reasonable is not conditioned upon the Court's award of the requested fees and expenses. Further, the terms and enforcement of the Settlement Agreement is not conditioned on the approval of an award of the requested fees and expenses.

## X.    SERVICE AWARDS

Class Counsel will make an application to the Court for a Service Award to Named Plaintiffs Stephanie Miller and Mary Alyce Dawson in consideration for their having undertaken this Class Action Lawsuit, assisted in the prosecution and otherwise serving as Class

Representatives. Said application shall be filed at least fourteen (14) days prior to the Opt-Out and Objection Deadline, and ARDMS will not object to said application.  In consideration of the contributions of the Class Representatives, the amount to be requested will be an amount up to and no greater than $5,000 for each of the two Class Representatives.  Named Plaintiffs' support for the Settlement Agreement as fair and reasonable is not conditioned upon the Court's award of the requested Service Award.  Further, the terms and enforcement of the Settlement Agreement is not condition on the approval of the requested Service Award.

## XI.  <u>OPT-OUTS AND OBJECTIONS</u>

A.  <u>Right to Exclusion:</u>  Any Settlement Class Member may submit a Request for Exclusion from the Settlement Class postmarked on or before the Opt-Out and Objection Deadline. In order to exercise the right to be excluded, a Settlement Class Member must timely send a written Request for Exclusion to the Settlement Administrator providing: their name and address; their physical signature; the name and number of this Class Action Lawsuit; and a statement that they wish to be excluded from the Settlement Class. Any person who elects to Opt-Out of the Settlement Class shall: (a) not be bound by any orders or Final Approval Order entered in this Class Action Lawsuit, (b) not be entitled to relief under this Settlement Agreement, (c) not gain any rights by virtue of this Settlement Agreement, and (d) not be entitled to object to any aspect of this Settlement Agreement.  No person may Opt-Out of the Settlement Class through a so-called "mass" or "class" opt-out.

B.  <u>Right to Object:</u>  Any Settlement Class Member who does not Opt-Out of the Settlement Class may object to the Settlement or any portion of the Settlement Agreement in writing, in person, or through counsel at the Fairness Hearing, at their own expense

("Objection"). The Settlement Class Notice shall specify that any Objection to the Settlement, and any papers submitted in support of said Objection, shall be considered by the Court at the Fairness Hearing only if, on or before the Opt-Out and Objection Deadline approved by the Court and specified in the Settlement Class Notice, the person making the Objection files notice of an intention to do so and at the same time (a) files copies of any papers they propose to be submitted at the Fairness Hearing with the Clerk of the Court, and (b) either (i) files the Objection through the Court's ECF system if the Objection is from a Settlement Class Member represented by counsel, or (ii) sends copies of such papers by mail, hand, or overnight delivery service to the following:

> For Plaintiffs:
>
> Thomas A. Zimmerman, Jr.
> Zimmerman Law Offices, P.C.
> 77 W. Washington St., Suite 1220
> Chicago, IL 60602
>
> For ARDMS:
>
> Matthew D. Berkowitz
> Carr Maloney P.C.
> 2020 K Street, NW, Suite 850
> Washington, DC 20006

Any Settlement Class Member who intends to object to this Settlement must include in the written Objection: (a) their name and address; (b) their arguments, citations, reasons, and evidence supporting the Objection (including copies of any documents relied on); (c) a statement that they are a Settlement Class Member; (d) the date(s) on which they took the RVT exam(s) and received a false failing score; (e) their physical signature; and (f) a statement indicating whether they intend to appear at the Fairness Hearing with or without counsel. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have

29

waived their objections and be forever barred from making any such objections in the Class Action Lawsuit or in any other action or proceeding. While the statement described above in this paragraph is *prima facie* evidence that the objector is a member of the Settlement Class, subject to verification based on the Parties' records, in the event of inaccuracies or inconsistencies in the statement, any of the Parties may take limited discovery regarding the matter, subject to Court approval.

        C.     <u>Right to Terminate Because of Excessive Opt-Outs:</u> In the event that more than 10 of the Members in Subclass 1 or more than 10% the Members in Subclass 2 Opt-Out of the Settlement Class, ARDMS has the right in its sole discretion to terminate this Settlement Agreement. The percentage calculation shall be determined by the total number of individuals in Subclass 2 identified by ARDMS to the Class Administrator after Preliminary Approval is granted. These calculations do not include the two individuals in Subclass 1 who are represented by other counsel and are expected to Opt-Out, and do not include the two individuals who could have been in Subclass 2 and who are represented by Class Counsel and who are to be excluded.

## XII.    TERMINATION AND PRESERVATION OF RIGHTS

       The Settlement Agreement is admissible in the Court solely for the purposes of effectuating and enforcing this Settlement. If the Settlement Agreement does not receive the Preliminary Approval of the Court or the Final Approval Order is not entered, any and all rights of the Parties existing prior to the execution of this Settlement Agreement, including but not limited to Plaintiffs' right to seek and ARDMS' right to oppose certification of a class in the Class Action Lawsuit and the Parties' dispute concerning the validity and enforceability of the individual releases, shall be preserved, and the Class Action Lawsuit shall proceed in all respects

as if the Settlement Agreement and any related orders had not been entered.  In such event, none of the terms of the Settlement Agreement or the Parties' prior Memorandum of Understanding (executed September 28, 2017 following the Mediation) (the "Memorandum of Understanding") shall be admissible in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination. The portion of the Settlement Amount transferred to the Settlement Administrator shall be returned to ARDMS, less notice and administrative expenses incurred by the Settlement Administrator (as to which ARDMS shall have no right of reimbursement from any person, including the Settlement Administrator, Plaintiffs, or Class Counsel).  If the portion of the Settlement Amount transferred to the Settlement Administrator is not sufficient to pay all of the notice and administrative expenses incurred by the Settlement Administrator, ARDMS shall separately pay to the Settlement Administrator any additional amounts owing at the time of termination.

## XIII.  <u>MISCELLANEOUS PROVISIONS</u>

A.  <u>Exhibits:</u>  The exhibits to this Settlement Agreement are integral parts of the Parties' agreement and are incorporated by reference as if set forth herein.

B.  <u>Governing Law and Forum:</u>  The Settlement Agreement and all documents necessary to effectuate it shall be governed by the laws of the state Ohio, without giving effect to choice-of-law principles, and by the Federal Rules of Civil Procedure.  The Court shall retain jurisdiction over the implementation and enforcement of the terms of the Settlement Agreement and the Parties shall submit to the jurisdiction of the Court for these purposes.

C.  <u>Good Faith and Arm's Length Negotiations</u>: The Final Approval Order will contain a statement that throughout the course of the Class Action Lawsuit the Parties and their

counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel and with the assistance of the Court.

D.    <u>Cooperation:</u>  Class Counsel and ARDMS' counsel agree to cooperate fully with one another in seeking Court entry of the orders granting Preliminary Approval and Final Approval of the Settlement Agreement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain Preliminary Approval of the Settlement Agreement and the Court's entry of the Final Approval Order.

E.    <u>Authorization to Sign:</u>    The persons executing this Settlement Agreement represent that they have been duly authorized to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement in order to effectuate its terms.

F.    <u>Confidentiality:</u>    The Parties shall maintain the strict confidentiality of the terms of the Settlement and Settlement Agreement prior to its filing with the Court.

G.    <u>No Assignment:</u>    Each Party represents and warrants that they have not assigned any claims that they may have against the other.

H.    <u>Advice of Counsel:</u>    This Settlement Agreement is executed by the Parties after consultation with and upon the advice of their own attorneys, and without reliance upon any statement or representation of the other Parties or their attorneys or agents.

I.      Class Counsel's Representation:  On September 25, 2017, Class Counsel provided a list of forty-one (41) Affected Exam Takers who have signed retainer agreements with Class Counsel. Class Counsel represents and warrants that, other than these forty-one (41) Affected Exam Takers, Class Counsel does not currently represent (prior to class certification) any other Affected Exam Taker, and that they will not actively solicit any of these other Affected Exam Takers (other than is necessary to effectuate this Settlement and to obtain a Final Approval Order) as it relates to the incorrect scoring of RVT exams.

J.      No Party Is the Drafter:  None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter thereof. As such, this Settlement Agreement shall not be construed more strictly against one Party than another.

K.      No Admission:  ARDMS denies any and all allegations of wrongdoing and liability, and the Parties understand and agree that neither the payment of consideration nor this Settlement Agreement shall constitute or be construed as an admission of liability or wrongdoing by ARDMS.  Nothing in this Settlement Agreement shall be construed in any action or proceeding of any kind whatsoever, civil, criminal, or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, as an admission by ARDMS that ARDMS has engaged in any conduct or practices that violate any rule or law.

L.      No Waiver:  The waiver by any Party of a breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other breach of this Settlement Agreement. ARDMS maintains that it provided potential Subclass 2 Members with full and complete

33

disclosures, and ARDMS further maintains that by cashing the Initial Checks the potential Subclass 2 Members have fully released their individual claims against ARDMS.  ARDMS maintains that the individual releases are valid and enforceable.  ARDMS also maintains that it provided Affected Non-Settlement Class Members with full and complete disclosures, and ARDMS further maintains that by cashing their Initial Check and/or the check with additional compensation that was requested beyond the sum of the Initial Check, the Affected Non-Settlement Class Members also released their individual claims against ARDMS.  ARDMS maintains that these individual releases are valid and enforceable.  ARDMS maintains that any compensation paid to Subclass 2 Members pursuant to this Settlement Agreement is made as goodwill and to give potential Subclass 2 Members (like Affected Non-Settlement Class Members) compensation above and beyond reimbursement for the cost of the RVT exam(s). The Parties agree that any payment made by ARDMS to Subclass 2 Members as part of this Settlement does not invalidate any prior valid and enforceable individual releases that may have been given by potential Subclass 2 Members and by Affected Non-Settlement Class Members, and does not constitute a waiver of ARDMS' assertion that such individual releases exist or argument by ARDMS that such individual releases are valid and enforceable.

M.    Neutral Statements:    Any statements to the press, public, or posted on Class Counsel's website about the Class Action Lawsuit, the Settlement, or ARDMS are to be neutral and non-disparaging.  Class Counsel must provide ARDMS with seven (7) days' notice of any public statements that they intend to make or post, and ARDMS may object to any language or characterizations about the Class Action Lawsuit, the Settlement, or ARDMS, but it may not unreasonably do so.  Counsel agree to cooperate in good faith to reach mutually-agreed upon

language, and to the extent there is an impasse, the Court retains jurisdiction to resolve said disputes.

N.     <u>Review of Settlement Class Notice</u>: ARDMS shall be advised by the Settlement Administrator as to when Settlement Class Notice is expected to be mailed or emailed to Class Members, and ARDMS shall have the opportunity to review the notices in their final form before they are mailed or emailed.  ARDMS shall work out any issues it may have with Settlement Class Notice with Class Counsel and the Settlement Administrator in sufficient time so that the Settlement Class Notice can be timely disseminated in accordance with the deadlines set by the Court. Further, the Settlement Administrator shall provide ARDMS with a copy of all Settlement Class Notices that are sent to Settlement Class Members.

O.     <u>Complete Agreement</u>:   This Settlement Agreement with exhibits hereto constitutes the entire agreement of the Parties with respect to their subject matter and supersedes any prior agreement.  Extrinsic evidence may be used only, however, where a term or condition herein is ambiguous and an item, document, or evidence referenced herein but not included may provide clarity as to the Parties' intent.  No representations or inducements have been made by any Party hereto concerning the Settlement Agreement other than those contained, memorialized, or referenced herein.  The provisions of the Settlement Agreement and its exhibits may not be modified or amended, nor may any of their provisions be waived, except by a writing signed by all Parties hereto or their successors-in-interest.

P.     <u>Severability</u>:   If any part, term, or provision of this Settlement Agreement is held by the Court to be illegal or in conflict with any law, the validity of the remaining portions or provisions shall not be affected and the rights and obligations of the Parties shall be construed

and enforced as if the Settlement Agreement did not contain the particular invalid part, term, or provision.

Q.      Execution in Counterparts.    This Settlement Agreement may be executed in one or more counterparts, each of which when so executed shall constitute an original, but all of which together shall constitute the same instrument. Fax and PDF copies of signatures shall be treated as originals for all purposes.

R.      Recitals. The Recitals are hereby incorporated into and made a part of this Settlement Agreement.

[Signatures on the Following Page]

NAMED PLAINTIFFS:


_____                    _____
Date                                       Stephanie Miller


_____                    _____
Date                                       Mary Alyce Dawson



COUNSEL FOR NAMED PLAINTIFFS AND THE SETTLEMENT CLASS:


_____                    _____
Date                                       Marc E. Dann
                                           The Dann Law Firm Co., LPA


_____                    _____
Date                                       Thomas A. Zimmerman, Jr.
                                           Zimmerman Law Offices, PC


37

NAMED PLAINTIFFS:


11-13-2017
Date

_____
Stephanie Miller


11-13-2017
Date

_____
Mary Alyce Danton


COUNSEL FOR NAMED PLAINTIFFS AND THE SETTLEMENT CLASS:


_____
Date

_____
Marc E. Dann
The Dann Law Firm Co., LPA


_____
Date

_____
Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.

NAMED PLAINTIFFS:

_____

Date

_____

Stephanie Miller

_____

Date

_____

Mary Alyce Dawson

COUNSEL FOR NAMED PLAINTIFFS AND THE SETTLEMENT CLASS:

_11/14/2017_____

Date

_____

Marc E. Dann
The Dann Law Firm Co., LPA

_11-14-17_____

Date

_____

Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, PC

37

DEFENDANT INTELEOS, INC. F/K/A THE AMERICAN REGISTRY FOR DIAGNOSTIC
MEDICAL SONOGRAPHY, INC.:


_11/14/17_
Date

William Seifarth
Inteleos, Inc. f/k/a the American Registry for
Diagnostic Medical Sonography, Inc.


_11/14/17_
Date

Matthew D. Berkowitz.
Carr Maloney P.C.


_11/14/17_
Date

Jonathan H. Krol
Reminger Co., L.P.A.


38

## **List of Exhibits to ARDMS Settlement Agreement**

Exhibit 1:    [Proposed] Preliminary Approval Order

Exhibit 2:    [Proposed] Final Approval Order

Exhibit 3:    Claim Form

Exhibit 4:    Subclass 1 Electronic-Mail Notice

Exhibit 5:    Subclass 1 Postcard Notice

Exhibit 6:    Subclass 2 Electronic-Mail Notice

Exhibit 7:    Subclass 2 Postcard Notice

Exhibit 8:    Detailed Notice

Exhibit 9:    Letter to Subclass 2 Members with Settlement Check

## *EXHIBIT 1 – Proposed Preliminary Approval Order*

### IN THE UNITED STATES DISTRICT COURT FOR
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE MILLER | ) | |
| | ) | |
| and | ) | CASE NO.  1:17-cv-00763-DAP |
| | ) | |
| MARY ALYCE DAWSON | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| individually, and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTELEOS, INC., f/k/a the AMERICAN REGISTRY OF DIAGNOSTIC MEDICAL SONOGRAPHY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

The matter before the Court is the motion of Plaintiffs Stephanie Miller and Mary Alyce Dawson ("Plaintiffs") for preliminary approval of a proposed class action settlement with Defendant Inteleos, Inc., f/k/a the American Registry for Diagnostic Medical Sonography, Inc. ("Defendant") on behalf of a Settlement Class.  The proposed Settlement would resolve all of the claims asserted by Plaintiffs and members of the proposed Settlement Class in this action against Defendant (the "Action").

This matter has been resolved by compromise as a result of mediation held before Judge Dan Aaron Polster on September 28, 2017 (the "Mediation"). Plaintiffs and Defendant (collectively, the "Parties"), through their respective counsel, have executed and filed with this Court a Settlement Agreement that resolves this action and all claims alleged therein. The Court, having overseen the Mediation, reviewed the Settlement Agreement, including the exhibits

thereto, and considered the briefing submitted in support of the unopposed motion and the arguments of counsel thereon, finds that the terms of the proposed Settlement are fair, reasonable and adequate to Plaintiffs and the Settlement Class and that the interests of fairness, consistency, and efficiency are well served by a single class settlement. The Court therefore hereby GRANTS the preliminary approval motion and ORDERS as follows.

1. Except as otherwise stated, this Order incorporates the defined terms set forth in the Settlement Agreement.

2. For purposes of settlement, and conditioned upon the Settlement Agreement receiving final approval following the Fairness Hearing, the Court conditionally certifies the following Settlement Class, which is made up of Subclass 1 and Subclass 2, pursuant to Federal Rule of Civil Procedure 23(b)(3):

- "Affected Exam Takers" means the 403 exam takers who took one or more Registered Vascular Technology ("RVT") exams administered by ARDMS from September 6, 2016 to March 14, 2017 and who, because of a process error, received a "failing score" when they had in fact passed the exam(s).

- "Initial Check," "Initial Checks," or "Initial Check(s)" means the $250, $500, or $750 checks, depending on how many times the Affected Exam Taker took the RVT exam(s), that were sent by ARDMS to Affected Exam Takers to cover the cost of the RVT exam(s). "Initial Checks" also includes the amounts paid to a handful of individuals to reimburse them for the cost they paid to verify their score(s) and/or reimbursement for a practice exam(s) (amounting to an additional $35 and/or $25, respectively).

- "Subclass 1" means those Affected Exam Takers who received an Initial Check(s) from ARDMS, but did not cash the Initial Check(s) and did not request and did not receive additional compensation from ARDMS.

- "Subclass 2" means those Affected Exam Takers who cashed the Initial Checks sent to them by ARDMS and who did not request or receive additional compensation.

Excluded from the Settlement Class are: ARDMS and Inteleos, Inc., and their respective officers, directors, and employees, board members, affiliated, related companies, or entity that has a controlling interest in ARDMS or Inteleos, Inc., and all of their respective employees, agents, board members, affiliates, legal representatives, heirs, successors, or assigns, Class Counsel and their immediate family members, and the judge to whom this case is assigned and the judge's immediate family. The Settlement Class also does not include any of the Affected Non-Settlement Class Members, who are defined as those Affected Exam Takers who asked for and received additional compensation above and beyond the sum of the Initial Check(s) to compensate them for losses, including, *inter alia*, exam fees and related expenses, lost wages, lost opportunities, time spent studying and study materials, and/or consequential damages and/or emotional harm. ARDMS has asserted that the Affected Non-Settlement Class Members released their individual claims against ARDMS. The Court makes no finding as to the merits of this assertion. The Settlement Class also does not include the two individuals who may have been part of Subclass 2 and who signed a retainer agreement with Class Counsel, but previously entered into a separate agreement and Class Counsel represented at Mediation that they would be excluded.

3.     With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement and for no other purpose, that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in this action would be impracticable, as the Settlement Class comprises hundreds of members; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions, including whether Defendant breached its contract with Plaintiffs and Settlement Class members, whether Defendant owed a duty of care to Plaintiffs and Settlement Class members, whether Defendant breached that duty of care, whether Defendant violated applicable consumer protection laws, whether Defendant has been unjustly enriched at the expense of Plaintiffs and Settlement Class members, and whether Plaintiffs and Settlement Class members are entitled to, and the proper amount of, damages; (iii) the claims of the representative Plaintiffs are typical of the claims of the Settlement Class, as the representative Plaintiffs received an incorrect "failing score" on an RVT exam when they had in fact passed the exam, and Plaintiffs do not have any conflicts of interest with the other members of the Settlement Class; (iv) Plaintiffs and Plaintiffs' Counsel can fairly and adequately represent and protect the interests of the Settlement Class members, as shown by their extensive investigation, vigorous prosecution of this Action, and services performed to date; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy as it relates to the proposed Settlement, considering the interests of the Settlement Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members, the desirability or undesirability of continuing the litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action as it relates to the proposed Settlement.

4.     The Settlement, on the terms and conditions set forth in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable, adequate, and within the range of possible final judicial approval. The Court finds that the Settlement resulted from arm's-length negotiations conducted in good faith by the Parties in a mediation before this Court, and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

5.     The Court provisionally finds that the named Plaintiffs Stephanie Miller and Mary Alyce Dawson are able to fairly and adequately represent the Settlement Class and appoints Plaintiffs as the Class Representatives for the Settlement Class.  Plaintiffs are two of the Affected Exam Takers at issue in the Action, and have diligently prosecuted this matter.

6.     The Court appoints the following as "Class Counsel": Marc E. Dann and William C. Behrens of the Dann Law Firm Co., LPA, and Thomas A. Zimmerman, Jr., Sharon A. Harris, and Maebetty Kirby of the Zimmerman Law Offices, P.C., finding that these attorneys are able to fairly and adequately represent the Settlement Class, and have competently represented the Plaintiffs and Settlement Class in this matter.

7.     The Court preliminarily approves the Plan of Allocation of the Subclass 1 Fund to Subclass 1 Members, and approves the Plan of Allocation of the Subclass 2 Fund to Subclass 2 Members.

8.     The Court orders Defendant to pay one hundred thousand dollars ($100,000.00) of the agreed Settlement Amount to the Settlement Administrator within twenty (20) days after entry of this Order, pursuant to the terms set forth in the Settlement Agreement.

9.     The Court approves the Settlement Class Notice plan set forth in the Settlement Agreement, as well as the notices attached as Exhibit 4 (Subclass 1 Electronic-Mail Notice),

Exhibit 5 (Subclass 1 Postcard Notice), Exhibit 6 (Subclass 2 Electronic-Mail Notice), Exhibit 7 (Subclass 2 Postcard Notice), and Exhibit 8 (Detailed Notice) thereto. The Court finds that the Settlement Class Notice provides a sufficiently clear and concise description of the action, the Settlement terms, and the rights and responsibilities of the Settlement Class Members, and that the dissemination of the Settlement Class Notice through Electronic Mail, U.S. Mail, and posting on the Settlement Website as set forth in the Settlement Agreement is the best means practicable, and is reasonably calculated to apprise the Settlement Class Members of the litigation and their right to participate in, object to, or exclude themselves from the Settlement. Accordingly, the Parties and their counsel are directed to disseminate the Settlement Class Notice pursuant to the terms of the Settlement Agreement.

10.     The Court approves the Claim Form attached to the Settlement Agreement as Exhibit 3, and the letter to Subclass 2 members (attached to the Settlement Agreement as Exhibit 9) that is to accompany the Settlement check to be sent to them.

11.     The Court approves and appoints Kurtzman Carson Consultants ("KCC") as the Settlement Administrator, and directs them to perform the duties set forth in the Settlement Agreement. As set forth in the Settlement Agreement, all costs and expenses incurred by the Settlement Administrator in connection with disseminating the notice and administering the Settlement shall be paid from the Settlement Amount.

12.     The Court will conduct a Fairness Hearing, at which time it will consider any objections to the Settlement Agreement and determine whether the Settlement Agreement should be finally approved, on March 22, 2018 commencing at _____ AM/PM.

13.     Class Counsel shall file their motion for an Award of Attorney's Fees and Expenses and for Service Awards to the Plaintiffs as Class Representative no later than fourteen

(14) days prior to the deadline for submission of Requests for Exclusion and Objections. The Court will rule upon the motion at the Fairness Hearing. As set forth in the Settlement Agreement, all such awards shall be paid only from the Settlement Amount.

14.     Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement, the proposed Attorney's Fee and Expense Award, and/or the proposed Service Awards, must deliver to Matthew D. Berkowitz, Carr Maloney P.C. as counsel for Defendant, and to Thomas A. Zimmerman, Jr., Zimemrman Law Offices, P.C. for Class Counsel, and file with the Court, a written statement of the objections, as well as the specific reasons for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence or other information the Settlement Class Member believes supports the objections.  Any Settlement Class Member who objects must set forth their full name and current address, include a statement that they are a Settlement Class Member, state the date(s) on which they took the RVT exam(s) and received a false failing score, state and explain the basis for their objection, state whether they intend to appear at the Fairness Hearing with or without counsel, and personally sign the objection. If the Settlement Class Member is represented by counsel, the objection shall be filed through the Court's ECF system; otherwise, the objection shall be filed and served by mail, hand, or overnight delivery service. All objections must be filed with the Court and delivered to Counsel for Defendant and Class Counsel not later than January 28, 2018.  Objections must be delivered to the Court, Class Counsel, and Defendant's Counsel at the addresses listed below:

Court:

Clerk of the Court
U.S. District Court for the Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue

Cleveland, Ohio 44113

Class Counsel:

Thomas A. Zimmerman, Jr.
Zimmerman Law Office, P.C.
77 W. Washington St., Suite 1220
Chicago, IL 60602

Defendants' Counsel:

Matthew D. Berkowitz
Carr Maloney P.C.
2020 K Street, NW, Suite 850
Washington, DC 20006

No person will be entitled to be heard at the Fairness Hearing, and no written objections will be received or considered by this Court at the Fairness Hearing, unless all pertinent terms and conditions set forth above and in the Settlement Class Notice have been fully met.  If an objection is overruled, the objecting Settlement Class Member will be bound by the terms of the Settlement and may not exclude him/herself later. Any person who elects to opt out of the Settlement Class shall not be bound by any orders, including, but not limited to, any final order approving the Settlement, entered in this Action, not be entitled to relief under the Settlement Agreement, not gain any rights by virtue of the Settlement Agreement, and not be entitled to object to any aspect of the Settlement Agreement.  No person may opt out of the Settlement Class through a so-called "mass" or "class" opt-out.

15.     Any Settlement Class Member who wishes to be excluded from the Settlement must fully comply with all pertinent terms and conditions set forth in the Settlement Class Notice. All Requests for Exclusion must be postmarked no later than January 28, 2018. Settlement Class Members who submit a timely and valid Request for Exclusion will have no rights under the Settlement Agreement, will not share in the distribution of the Net Settlement

Amount, and will not be bound by the Settlement Agreement. Any Settlement Class Member who does not submit a timely and valid Request for Exclusion shall be bound by all terms of the Settlement Agreement and any final order approving the Settlement.

16.     No later than 14 days after the deadline for submission of Requests for Exclusions and Objections, the Settlement Administrator shall provide a declaration to Class Counsel and Defendant's counsel attesting to the measures taken to provide the Class Notice to the Settlement Class Members and the number of requests for exclusion, if any.  No later than 14 days after the deadline for Settlement Class Members to submit a Claim Form, the Settlement Administrator shall provide a declaration to Class Counsel and Defendant's counsel attesting to the number of Claim Forms received and the claimant and payment information for all claims to be paid and disallowed.

17.     In the event this Court does not finally approve the Settlement Agreement, any and all rights of the Parties existing prior to the execution of the Settlement Agreement, including but not limited to Plaintiffs' right to seek and Defendant's right to oppose certification of one or more Plaintiff classes in the Action, shall be preserved, and the Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In such event, none of the terms of the Settlement Agreement or the Parties' prior Memorandum of Understanding, as defined in the Settlement Agreement, shall be admissible in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination. The portion of the Settlement Amount transferred to the Settlement Administrator shall be returned to Defendant, less notice and administrative expenses actually incurred by the Settlement Administrator (as to which Defendant shall have no right of reimbursement from any person, including the Settlement Administrator, Plaintiffs, or Plaintiffs'

Counsel). If the portion of the Settlement Amount transferred to the Settlement Administrator is not sufficient to pay all of the notice and administrative expenses incurred by the Settlement Administrator, Defendant shall separately pay to the Settlement Administrator any additional amounts owing at the time of termination.

18.     For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, this Court retains continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

19.     The Parties are directed to carry out their obligations under the Settlement Agreement.

## Summary of Applicable Dates

| 1. | Preliminary Approval Order (PA) entered | November 14, 2017 |
|---|---|---|
| 2. | Defendants to pay $100,000.00 of the Settlement Amount to the Settlement Administrator | December 4, 2017 (PA +20) |
| 3. | Notice to be sent and Settlement Website to be activated (ND) | December 14, 2017 (PA +30) |
| 4. | Motion for Award of Attorney's Fees and Expenses and for Service Awards to be filed | January 14, 2018 (OD -14) |
| 5. | Deadline to Opt Out or Object (OD) | January 28, 2018 (ND +45) |
| 6. | Deadline for Settlement Administrator to Submit Compliance Declaration re: Notice and Opt-Outs | February 11, 2018 (OD +14) |
| 7. | Deadline to submit a Claim Form (CD) | February 22, 2018 (ND +70) |
| 8. | Deadline for Settlement Administrator to Submit Compliance Declaration re: Claims | March 8, 2018 (CD +14) |
| 9. | Fairness Hearing (FH) | March 22, 2018 (PA +128) |

**SO ORDERED.**

Dated: _____

_____

Hon. Dan Aaron Polster
United States District Court Judge

*EXHIBIT 2 – Proposed Final Approval Order*

**IN THE UNITED STATES DISTRICT COURT FOR**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE MILLER | ) | |
| | ) | |
| and | ) | CASE NO.  1:17-cv-00763-DAP |
| | ) | |
| MARY ALYCE DAWSON | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| individually, and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTELEOS, INC., f/k/a the AMERICAN | ) | |
| REGISTRY OF DIAGNOSTIC | ) | |
| MEDICAL SONOGRAPHY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] FINAL APPROVAL ORDER**

The Court, having considered the parties' Joint Motion for Final Approval (the "Motion") of the settlement (the "Settlement") of the above-captioned case ("the Action") pursuant to the Settlement Agreement dated November _____, 2017, between Named Plaintiffs and Defendant (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion, and having held a Fairness Hearing on March 22, 2018, finds that:

1.      Unless defined herein, all capitalized terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of, and dissemination program for, the Notice fully complied with the requirements of Federal Rule of Civil Procedure 23(b) and due process,

constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the settlement of this Action.

3.      The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by Named Plaintiffs and Class Counsel.

4.      The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

5.      The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of Plaintiffs' and Defendant's Released Claims.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

6.      The persons listed on Exhibit A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

7.      It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member and Defendant regarding a Settlement Matter (as defined below) should be presented exclusively to and resolved by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

8.     The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Parties are directed to consummate the Settlement Agreement in accordance with its terms.  The Parties, and Settlement Class Members who did not timely exclude themselves from the Settlement Class, are bound by the terms and conditions of the Settlement Agreement.

9.     The following Settlement Class, which is made up of Subclass 1 and Subclass 2, is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23:

- "Affected Exam Takers" means the 403 exam takers who took one or more Registered Vascular Technology ("RVT") exams administered by ARDMS from September 6, 2016 to March 14, 2017 and who, because of a process error, received a "failing score" when they had in fact passed the exam(s).

- "Initial Check," "Initial Checks," or "Initial Check(s)" means the $250, $500, or $750 checks, depending on how many times the Affected Exam Taker took the RVT exam(s), that were sent by ARDMS to  Affected Exam Takers to cover the cost of the RVT exam(s). "Initial Checks" also includes the amounts paid to a handful of individuals to reimburse them for the cost they paid to verify their score(s) and/or reimbursement for a practice exam(s) (amounting to an additional $35 and/or $25, respectively).

- "Subclass 1" means those Affected Exam Takers who received an Initial Check(s) from ARDMS, but did not cash the Initial Check(s) and did not request and did not receive additional compensation from ARDMS.

3

- "Subclass 2" means those Affected Exam Takers who cashed the Initial Checks sent to them by ARDMS and who did not request or receive additional compensation.

Excluded from the Settlement Class are: ARDMS and Inteleos, Inc., and their respective officers, directors, and employees, board members, affiliated, related companies, or entity that has a controlling interest in ARDMS or Inteleos, Inc., and all of their respective employees, agents, board members, affiliates, legal representatives, heirs, successors, or assigns, Class Counsel and their immediate family members, and the judge to whom this case is assigned and the judge's immediate family.  The Settlement Class also does not include any of the Affected Non-Settlement Class Members, who are defined as those Affected Exam Takers who asked for and received additional compensation above and beyond the sum of the Initial Check(s) to compensate them for losses, including, *inter alia*, exam fees and related expenses, lost wages, lost opportunities, time spent studying and study materials, and/or consequential damages and/or emotional harm. ARDMS has asserted that the Affected Non-Settlement Class Members released their individual claims against ARDMS. The Court makes no finding as to the merits of this assertion.  The Settlement Class also does not include the two individuals who may have been part of Subclass 2 and who signed a retainer agreement with Class Counsel, but previously entered into a separate agreement and Class Counsel represented at Mediation that they would be excluded.

10.    The requirements of Rule 23 have been satisfied for settlement purposes.  The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the Settlement Class, which common questions

predominate over any questions affecting only individual members; and the Plaintiffs have fairly and adequately represented the interests of the Settlement Class.

11.     The preliminary appointment of Named Plaintiffs Stephanie Miller and Mary Alyce Dawson as representatives of the Settlement Class and the following as Class Counsel are hereby confirmed:

> Marc E. Dann
> William C. Behrens
> Dann Law Firm Co., LPA
> P.O. Box 6031040
> Cleveland, OH  44103
>
> Thomas A. Zimmerman, Jr.
> Sharon A. Harris
> Maebetty Kirby
> ZIMMERMAN LAW OFFICES, P.C.
> 77 West Washington Street, Suite 1220
> Chicago, Illinois  60602

The Class Representatives have fairly and adequately represented the interests of the Settlement Class.  Class Counsel is experienced in complex class litigation and has fairly and adequately represented the interests of the Settlement Class.

12.     The Settlement Administrator is directed to distribute according to the terms of the Settlement Agreement the consideration provided for under the Settlement to members of the Settlement Class who have submitted valid Claim Forms.

13.     The Releasing Parties release and forever discharge the Released Parties from the Released Claims, as set forth below:

> (A)     Plaintiffs' Released Claims:  Upon  the  Effective  Date  and  in consideration of ARDMS' payment of the Settlement Amount, Named Plaintiffs and Settlement Class Members, on behalf of themselves, and their agents, representatives, attorneys, family members, heirs, representatives, executors, administrators, assignees, predecessors, and/or successors in interest, hereby fully, finally, and forever release and forever discharge American Registry for Diagnostic Medical Sonography, Inc.,

5

Inteleos, Inc., and ARDMS, and their agents, employees, owners, shareholders, principals, officers, directors, attorneys, heirs, representatives, executors, administrators, assignees, predecessors in interest, parent companies, subsidiaries, affiliates, related companies, and insurers, of and from all claims, causes of action, lawsuits, judgments, and demands of whatsoever in kind, in law or in equity, known or unknown, foreseen and unforeseen, that arise from or are related in any way to the Action, any fact and/or circumstance related to any incorrect scoring of any Registered Vascular Technology ("RVT") exam(s) taken by Plaintiffs, or any fact and/or circumstance which has been alleged, or which could have been alleged, in the Action arising out of the incorrect scoring of the RVT exam(s) (the "Plaintiffs' Released Claims").

(B)  <u>Defendant's Released Claims</u>.  Defendant and Defendant's counsel hereby release and forever discharge all claims, rights or causes of action, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, or common law, rule or regulation, against the Named Plaintiffs, any of the Settlement Class Members, or Class Counsel, including their respective spouses, children, heirs, associates, co-owners, agents, administrators, executors, devisees, predecessors, and representatives, that arise out of or are in any way related to the prosecution of the Action.

14.  The Released Claims include claims that are currently unknown to the respective Releasing Parties.  The release in this Order and in the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release.  Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims.  The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the

discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

15.     Named Plaintiffs, members of the Settlement Class, and Defendant are permanently enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any of their respective Released Claims. Any person or entity that knowingly violates such injunction shall pay the reasonable costs and attorneys' fees incurred by the other party as a result of such violation.

16.     The Court hereby awards Settlement Class Counsel $_____ for attorney's fees plus $_____ in costs and expenses.  The Court hereby approves payment of a service award of $_____ to each of the Class Representatives.  The Court finds this award of attorney's fees and costs, and the service awards are fair and reasonable.

17.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement and all matters, disputes, claims or defenses arising out of or related in any way to the Settlement Agreement, including without limitation its applicability, administration, and consummation (collectively, the "Settlement Matters").  The Court also retains exclusive jurisdiction as to the Settlement Matters over Named Plaintiffs, members of the Settlement Class and Defendant, each of whom are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court with regard to all Settlement

7

Matters and to have waived any defenses based on personal jurisdiction, venue, or that the forum is inconvenient. Without limiting the generality of the foregoing, any dispute arising out of or related in any way to the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a Settlement Matter.

18.     The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Defendant. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Defendant further maintains that it provided full and complete disclosures to Affected Exam Takers and that by cashing their Initial Check(s) (*i.e.*, Subclass 2 Members) or by cashing checks for additional compensation (*i.e.*, Affected Non-Settlement Class Members), such Affected Exam Takers and Affected Non-Settlement Class Members have released their individual claims against Defendant and that such releases are valid and enforceable. The Court makes no finding as to the merits of these assertions. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing its terms.

19.     In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including but not limited to the Parties' rights to engage in discovery and Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

20.     The Action is hereby **DISMISSED WITH PREJUDICE** and without costs.  This judgment has been entered without any admission by Defendant as to the merits of any of Named Plaintiffs' allegations in the Action.

21.     The Court directs the Clerk to enter final judgment.

**SO ORDERED.**


Dated: _____          _____
                                         Hon. Dan Aaron Polster
                                         United States District Court Judge

*EXHIBIT 3 – Customized Claim Form to Accompany Electronic-Mail Notice*

## <u>CLAIM FORM FOR SUBCLASS 1 MEMBERS</u>

The records of the American Registry for Diagnostic Medical Sonography, Inc. ("ARDMS") show that you, <u><<INSERT NAME>></u>, took <u><<INSERT NUMBER>></u> Registered Vascular Technology ("RVT") Exam(s) administered by ARDMS on <u><<INSERT DATE(S)>></u>, and you were incorrectly advised that you failed these Exam(s) when, in fact, you had actually passed these Exam(s) (hereinafter "Mis-Scored Exam").

ARDMS' records show that you paid ARDMS $<u><<INSERT AMOUNT>></u> in registration fees to take RVT Exam(s) between September 6, 2016 to March 14, 2017, $<u><<INSERT AMOUNT>></u> to verify your RVT Exam result(s), and $<u><<INSERT AMOUNT>></u> to take practice RVT Exam(s). Under the terms of this Settlement, you are entitled to receive a refund of these fees, plus $<u><<INSERT AMOUNT>></u> in non-economic damages to compensate you for your stress and aggravation related to the Mis-Scored Exam(s).[1]

The above amounts total $<u><<INSERT AMOUNT>></u>.  You are entitled to receive this amount (subject to any adjustments as set forth in the Settlement Agreement) if you submit this Claim Form to the Settlement Administrator.

### ADDITIONAL COMPENSATION

In addition to the amount listed above, if you suffered any of the *additional* damages identified below, fill in the blanks. Make sure to fill in all blanks that apply to you. You are entitled to receive additional damages (as set forth below, and subject to any adjustments as set forth in the Settlement Agreement) that are applicable to you.

You may only seek damages that you incurred *after* you were incorrectly advised for the first time that you failed an Exam that you had actually passed. You *cannot* seek damages for items that occurred *prior* to the first Mis-Scored Exam, although you will be receiving a refund of all of your Exam registration fees and fees to verify your RVT Exam result(s) under this Settlement.

If you sustained damages in an amount *less* than the maximum possible recovery set forth for each category of damages in this Settlement, you do not have to submit any documents to support your claimed damages for that category. However, if you believe you sustained damages *greater* than the maximum possible recovery (as set forth for each category), then you must submit supporting

---

[1] With regard to non-economic damages (*e.g.*, aggravation, distress, damage to reputation), the Settlement provides compensation based upon how long you suffered. If you had a Mis-Scored Exam during the period September 6, 2016 through November 2016, the Settlement provides that you are entitled to $7,500 for your non-economic damages.  If you received a Mis-Scored Exam during the period December 2016 through January 2017, the Settlement provides that you are entitled to $4,500 for your non-economic damages.  If you received a Mis-Scored Exam during the period February 2017 through March 14, 2017, the Settlement provides that you are entitled to $2,000 for your non-economic damages.

### *EXHIBIT 3 – Customized Claim Form to Accompany Electronic-Mail Notice*

documentation along with this Claim Form to the Settlement Administrator. Missing documentation or insufficient support may affect the amount that you may be able to recover.

## Category 1 — Study Materials: Did you purchase additional study materials (*e.g.*, books, study guides, courses) to take a subsequent Exam *after* the first Mis-Scored Exam?  **Yes / No** (circle one)

If yes, list each separately below:

| Type of Study Material | Cost |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Total:  $_____

The maximum possible recovery per Settlement Class member for this category is $172 without supporting documentation. However, if you believe you sustained damages *greater* than the maximum possible recovery, then you must submit supporting documentation showing your purchase of study materials along with this Claim Form to the Settlement Administrator.

## Category 2 — Child Care Costs Incurred While Studying and Re-Taking an Exam: Did you incur child care costs while studying for and/or re-taking an Exam(s) *after* the first Mis-Scored Exam?  **Yes / No** (circle one)

If yes, fill in the information below:

Number of Hours of Such Child Care: _____ hours times rate of $_____ per hour = $_____

The maximum possible recovery per Settlement Class member for this category is $840 per month for a maximum of two months (*i.e.*, $1,680) without supporting documentation. However, if you believe you sustained damages *greater* than the maximum possible recovery, then you must submit supporting documentation showing your child care payments along with this Claim Form to the Settlement Administrator.

## Category 3 — Lost Wages / Lost Job Opportunity:

### A.     **Fired from Your Sonographer Job**

Were you fired from your sonographer job due to reporting to your employer your Mis-Scored Exam?  **Yes / No** (circle one)

If yes, were you out of work for more than one month?  **Yes / No** (circle one)

### *EXHIBIT 3 – Customized Claim Form to Accompany Electronic-Mail Notice*

If you were out of work for *less* than one month, the Settlement provides you are entitled to $5,250 without supporting documentation. If you were out of work for *more* than one month, the Settlement provides that you are entitled to $10,500 without supporting documentation. However, if you believe you sustained damages *greater* than these possible recovery amounts, then you must submit documentation to support your wage loss along with this Claim Form to the Settlement Administrator.

####     B.    Lost Pay Increase in Your Then-Current Sonographer Job

Did you miss out on a pay increase in your then-current sonographer job because of reporting to your employer your Mis-Scored Exam?  **Yes / No** (circle one)

If yes, what was the hourly rate of pay of your then-current job before the first Mis-Scored Exam? $_____.
What was the hourly rate of pay of the pay increase that you lost out on due to receiving a Mis-Scored Exam? $_____.
Calculate the difference in the hourly rate of pay between your then-current job and the increased hourly rate of pay had you received the pay increase: $_____.
How many hours of work do you claim you would have worked at the increased hourly rate of pay had you not received a Mis-Scored Exam? _____ # of hours.
Calculate the total *difference* in pay that you lost out on (*i.e.*, # of hours times *difference* in hourly rates of pay): $_____.

The Settlement provides that the maximum possible recovery per Settlement Class Member for this category is $1,806 without supporting documentation. However, if you believe you sustained damages *greater* than the maximum possible recovery, then you must submit documentation to support your wage loss along with this Claim Form to the Settlement Administrator.

####     C.    Lost Job Promotion /  Lost Job Opportunity

Did you miss out on a job promotion or a job opportunity that would have paid you a higher rate of pay because of your Mis-Scored Exam?  **Yes / No** (circle one)

If yes, what was the hourly rate of pay of your then-current job before the first Mis-Scored Exam? $_____.
What was the hourly rate of pay of the promotion/job opportunity that you lost out on due to receiving a Mis-Scored Exam? $_____.
Calculate the difference in the hourly rate of pay between your then-current job and the increased hourly rate of pay had you received the promotion/job opportunity: $_____.
How many hours of work do you claim you would have worked at the increased hourly rate of pay had you not received a Mis-Scored Exam? _____ # of hours.

### *EXHIBIT 3 – Customized Claim Form to Accompany Electronic-Mail Notice*

Calculate the total difference in pay that you lost out on (*i.e.*, # of hours times *difference* in hourly rates of pay): $_____.

The Settlement provides that the maximum possible recovery per Settlement Class Member for this category is $3,612 without supporting documentation. However, if you believe you sustained damages *greater* than the maximum possible recovery, then you must submit documentation to support your wage loss along with this Claim Form to the Settlement Administrator.

## Category 4 — Time Spent Studying to Re-Take an Exam (this includes time off from work to study):

The Settlement provides that this time will be reimbursed at the rate of $30 per hour.

    **A.**    Did you have to study to re-take the Exam a <u>Second Time</u> *after* the <u>first</u> Mis-Scored Exam? **Yes / No** (circle one)

If yes, how many hours did you spend studying in order to re-take the Exam a Second Time?:_____. Multiply the number of hours times $30: $_____. The Settlement provides the maximum possible recovery per Settlement Class Member for this Subcategory 4.A (*i.e.*, time spent studying for a Second Exam) is $1,800 without supporting documentation.

    **B.**    Did you have to study to re-take the Exam a <u>Third Time</u> *after* a <u>second</u> Mis-Scored Exam? **Yes / No** (circle one)

If yes, how many hours did you spend studying in order to re-take the Exam a Third Time?:_____. Multiply the number of hours times $30: $_____. The Settlement provides the maximum possible recovery per Settlement Class Member for this Subcategory 4.B (*i.e.*, time spent studying for a Third Exam) is $1,800 without supporting documentation.

The *combined* maximum possible recovery per Settlement Class Member for this Category 4 is $3,600 (*i.e.*, $1,800 for each Subcategory). However, if you believe you sustained damages *greater* than the maximum possible recovery for either or both of these categories, then you must submit supporting documentation along with this Claim Form to the Settlement Administrator.

## Category 5 — Travel:

    **A.**    <u>Gasoline (if you drove)</u>

If you had to re-take the Exam(s) *after* the first Mis-Scored Exam and incurred costs for gasoline to travel to and from the Exam testing site, the Settlement provides that you will be reimbursed at the rate of 54¢ per mile. If you incurred gasoline costs, state the total number of miles (round trip) you traveled to and from the Exam testing site to re-take the Exam: _____miles times 54¢ = $_____ total.

### *EXHIBIT 3 – Customized Claim Form to Accompany Electronic-Mail Notice*

The Settlement provides the maximum possible recovery per Settlement Class member for this category is $22. However, if you believe you sustained damages *greater* than the maximum possible recovery, then you must submit supporting documentation along with this Claim Form to the Settlement Administrator.

#### B.     Third-Party Transportation

If you had to re-take the Exam(s) *after* the first Mis-Scored Exam and you took third-party transportation (*e.g.*, train, taxi, Uber, bus, etc.) to and/or from the Exam testing site, state the total cost you paid for any such third-party transportation:  $_____

The Settlement provides the maximum possible recovery per Settlement Class member for this category is $140. However, if you believe you sustained damages *greater* than the maximum possible recovery, then you must submit documentation showing your transportation payments along with this Claim Form to the Settlement Administrator.

## Category 6 — Lodging / Hotel:

The Settlement provides you may be reimbursed for one night's lodging related to re-taking the Exam *after* the first Mis-Scored Exam. If you incurred this cost, identify the amount you paid: $_____.

The Settlement provides the maximum possible recovery per Settlement Class member for this category is $250 without supporting documentation. However, if you believe you sustained damages *greater* than the maximum possible recovery, then you must submit documentation showing your payment for lodging/hotel along with this Claim Form to the Settlement Administrator.

## Category 7 — Counseling/Therapy/Medical Visits:

Did you incur any *unreimbursed* costs for counseling, therapy, or medical visits caused by the Mis-Scored Exam?  **Yes / No** (circle one) (An "unreimbursed" cost for counseling, therapy, or medial visits is any cost for such services that was not covered by any health insurance plan, or not otherwise reimbursed or discounted.)

If yes, identify the type of costs incurred and the amounts incurred:

| Name of Provider | Reason for the Visit | Date | Unreimbursed Cost |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

The Settlement provides the maximum possible recovery per Settlement Class member for this category is $1,500 without supporting documentation. However, if you believe you sustained damages

*EXHIBIT 3 – Customized Claim Form to Accompany Electronic-Mail Notice*

*greater* than the maximum possible recovery, then you must submit documentation showing your payment of such unreimbursed costs along with this Claim Form to the Settlement Administrator.

## ATTESTATION

By my signature below, I attest that the foregoing is true and correct to the best of my knowledge, information, and belief.

Where applicable, I have included documentation supporting the damages I have identified above when seeking *more* than the maximum possible recovery without documentation:  **Yes / No** (circle one)

**I understand that the Settlement Administrator, ARDMS, and Class Counsel reserve the right to verify all of the information I put in this Claim Form, including any accompanying documentation, and, in order to guard against fraudulent claims, I may be requested and required to provide documentation to substantiate the damages I have identified for a category, even if I am seeking *less* than the maximum possible recovery.**

Date: _____

Printed Name:                                                    Signature:

_____          _____

Current Address:                                               Daytime Telephone No.:

_____          _____

_____          Current Email:

_____          _____

*EXHIBIT 3 – Customized Claim Form to Accompany Electronic-Mail Notice*

**<u>Mail Your Completed Claim Form and Any Supporting Documentation To</u>:**

Settlement Administrator
P.O. Box XXXXX
City, State Zip

**<u>You May Also Email Your Completed Claim Form and Any Supporting Documentation To</u>:**

**[INSERT EMAIL ADDRESS]**

**YOUR CLAIM FORM MUST BE POSTMARKED (if by U.S. Mail) or EMAIL DATED (if by Email)**

**ON OR BEFORE <u>FEBRUARY 22, 2018</u>**

## EXHIBIT 4 – *Subclass 1 Electronic-Mail Notice*

### SUMMARY NOTICE OF CLASS ACTION SETTLEMENT TO
### <u>SUBCLASS 1</u>

**You are entitled to a cash payment from a class action settlement fund because during the period of September 6, 2016 to March 14, 2017, you passed one or more Registered Vascular Technology ("RVT") exams administered by the American Registry for Diagnostic Medical Sonography, Inc. ("ARDMS") but you were erroneously advised that you failed one or more of the RVT exams.**

*A federal district court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.*

This notice affects you because our records indicate that you took one or more RVT exams administered by ARDMS during the period of September 6, 2016 to March 14, 2017 and that you were advised that you failed at least one exam, but in actuality, you had passed at least one of these exams.  Pursuant to a proposed class action settlement, and subject to approval of the Court, Inteleos, Inc. f/k/a ARDMS has agreed to pay $445,141 into a settlement fund for those persons in **Subclass 1 – those persons who were incorrectly informed that they failed at least one RVT exam administered by ARDMS during the period of September 6, 2016 to March 14, 2017, and who did not cash an exam reimbursement check sent by ARDMS, and who did not request or receive any compensation from ARDMS.** You must, however, submit a claim form to claim your share of the proposed settlement fund. The Court authorized publication of this notice via email and other written notice you may receive. This is a summary of the settlement and your legal rights.

**Please visit** <u>www._____.com</u> **or call** **1-800-XXX-XXXX** **to learn more about the settlement and to obtain the form you need to submit a claim**.

<u>What is the lawsuit about?</u>
Plaintiffs Stephanie Miller and Mary Alyce Dawson sued Inteleos, Inc. f/k/a ARDMS alleging negligence, breach of contract, consumer protection violations, and unjust enrichment in connection with a scoring error in which a number of people who took the RVT exam during the period of September 6, 2016 to March 14, 2017 were advised that they had failed at least one RVT exam when, in actuality, they had passed the exam. The lawsuit is a class action, meaning that Plaintiffs Stephanie Miller and Mary Alyce Dawson (the "class representatives") asked for relief not only for themselves, but also for all similarly situated individuals. ARDMS agreed to pay a total $572,641 to compromise those claims with $445,141 allocated to pay individuals in this Subclass 1 ("Subclass 1 Fund"), and $127,500 allocated to pay individuals in Subclass 2, less proportionate fees and expenses identified below.  The parties have entered into a Settlement Agreement which will be presented to the U.S. District Court for the Northern District of Ohio in the lawsuit *Miller, et al. v. Inteleos, Inc.*, Case No. 1:17-cv-00763-DAP.

<u>What benefits does the settlement provide?</u>
The settlement funds will be used to pay eligible class members, pay the legal fees incurred by the class representatives (up to one-third of the settlement fund) plus expenses and costs of class notice and settlement administration, and pay up to $5,000 to each of the two class representatives, as awarded by the Court. If the Court approves the settlement, everyone in Subclass 1 will have an opportunity to receive a share of the Subclass 1 Fund. These payment amounts may be adjusted up or down depending on the number of Claim Forms received and documentation and substantiation provided, so as to fully and fairly allocate and pay out the entire net Subclass 1 Fund to Subclass 1 Members who submit Claim Forms. None of the money in the settlement fund will revert back to ARDMS.

<u>How can you get a payment?</u>
Detailed information about the settlement and the claim submission process is posted on the settlement website and can also be obtained by calling the number below. **You must submit a Claim Form and provide supporting documentation, as necessary, on or before February 22, 2018 to receive a payment.**  You can fill out the Claim Form attached to this Notice or download a Claim Form from the settlement website and submit it by mail, or fill-out and submit a Claim Form online by clicking <u>www._____.com/ClaimForm</u>.

<u>What other options do you have?</u>
If you would prefer not to be part of the settlement and not get a payment, you have the right to ask the Court to exclude you. To do so, you must complete and submit a request for exclusion by **January 28, 2018.**  If you want to

*EXHIBIT 4 – Subclass 1 Electronic-Mail Notice*

be part of the settlement but object to its terms, you or your attorney can submit a written objection and/or appear at the final approval hearing discussed below. To do so, you must complete and submit your objection by **January 28, 2018.** Detailed information on these options is posted on the settlement website.

<u>Final Approval Hearing</u>.

The Court will hold a hearing on March ___, 2018, at which time it will consider any objections, decide the amount of attorney's fees, incentive awards, and expenses to award, and decide whether to approve the settlement.

**QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW._____.COM.**

*EXHIBIT 5 -- Subclass 1 Postcard Notice*

<u>LEGAL NOTICE</u>

**Because you passed one or more Registered Vascular Technology ("RVT") exams administered by the American Registry for Diagnostic Medical Sonography, Inc. ("ARDMS") during the period of September 6, 2016 to March 14, 2017, but you were erroneously advised that you failed one or more of these RVT exams, you are entitled to a cash payment from a class action settlement.**

A federal district court authorized this notice. This is <u>not</u> a solicitation from a lawyer.



---

*Miller, et al. v. Inteleos, Inc.*
*Settlement Administrator*
P.O. Box _____
_____, __ _____-____

US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»

A proposed settlement has been reached in a class action lawsuit against Inteleos, Inc. f/k/a ARDMS, alleging that during the period of September 6, 2016 to March 14, 2017 certain people who took the RVT exam that was administered by ARDMS were advised that they had failed at least one RVT exam when, in actuality, they had passed the exam. Plaintiffs alleged negligence, breach of contract, consumer protection violations, and unjust enrichment.

**Who is included?** ARDMS' records show that you are included in the settlement as a "Class Member" in "Subclass 1." Subclass 1 Members include everyone who took one or more RVT exams administered by ARDMS during the period of September 6, 2016 to March 14, 2017 and who were advised that they failed at least one exam, but in actuality, they had passed at least one of these exams; and who did not cash an exam reimbursement check sent by ARDMS and did not request or receive any additional compensation from ARDMS.

**What does the settlement provide?** ARDMS has agreed to pay a total of $572,641 into a settlement fund, with $445,141 allocated to ~~pay~~ individuals in this Subclass 1, and $127,500 allocated to Subclass 2. After deducting from $445,141 the proportionate costs of class notice, settlement administration, and Court-approved attorney's fees, costs, expenses, and representative plaintiff service awards, Subclass 1 Members who submit a valid Claim Form will receive a share of the net amount (the "Subclass 1 Fund"). These payment amounts to Subclass 1 Members may be adjusted up or down depending on the number of Claim Forms received and documentation and substantiation provided, so as to fully and fairly allocate and pay out the entire Subclass 1 Fund to Subclass 1 Members who submit Claim Forms. None of the money in the settlement fund will revert back to ARDMS.

**How do I get a payment?** Please go to www._____.com and file a claim online or download, print, complete, and mail a Claim Form to the Settlement Administrator. Claim Forms are also available by calling 1-___-___-____. Claim Forms must be submitted online or mailed by **February 22, 2018**. If you file a valid claim and do not exclude yourself from the settlement, you will receive your share from the Subclass 1 Fund. If you exclude yourself from the settlement, you will not receive any money from the settlement.

**What are my other options?** If you do not want to be legally bound by this settlement, you must exclude yourself by **January 28, 2018**. Unless you exclude yourself from the settlement, you will not be able to sue ARDMS for any claim made in this lawsuit or released by the Settlement Agreement. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intends to appear at the Court's fairness hearing. Objections are due by **January 28, 2018**. This notice is a summary. For more information, including the Detailed Notice and Settlement Agreement, call 1-___-___-____ or go to www._____.com.

**The Court's fairness hearing.** The U.S. District Court for the Northern District of Ohio, located at 801 West Superior Avenue, Cleveland, Ohio 44113, will hold a hearing in this case (*Miller, et al. v. Inteleos,* No. 17-cv-763) on **March ___, 2018**, at _____. At the fairness hearing the Court will decide whether to approve: (1) the settlement; and (2) Class Counsel's request for attorney's fees of up to one-third of the settlement fund, reimbursement of costs and expenses, and a service award of up to $5,000 to each of the representative plaintiffs. You may appear at the hearing, but you do not have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

## *EXHIBIT 6 – Subclass 2 Electronic-Mail Notice*

### SUMMARY NOTICE OF CLASS ACTION SETTLEMENT TO <u>SUBCLASS 2</u>

**You are entitled to a cash payment from a class action settlement fund because during the period of September 6, 2016 to March 14, 2017, you passed one or more Registered Vascular Technology ("RVT") exams administered by the American Registry for Diagnostic Medical Sonography, Inc. ("ARDMS") but you were erroneously advised that you failed one or more of the RVT exams.**

*A federal district court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.*

This notice affects you because our records indicate that you took one or more RVT exams administered by ARDMS during the period of September 6, 2016 to March 14, 2017 and that you were advised that you failed at least one exam, but in actuality, you had passed at least one of these exams.  Pursuant to a proposed class action settlement, and subject to approval of the Court, Inteleos, Inc. f/k/a ARDMS has agreed to pay $127,500 into a settlement fund for those persons in **Subclass 2 – those persons who were incorrectly informed that they failed at least one RVT exam administered by ARDMS during the period of September 6, 2016 to March 14, 2017, and who cashed an exam reimbursement check sent by ARDMS, but did not request or receive additional compensation from ARDMS above and beyond that initial reimbursement check.**  You do not need to submit a claim form to claim your share of the proposed settlement fund. The Court authorized publication of this notice via email and other written notice you may receive. This is a summary of the settlement and your legal rights.

**Please visit <u>www._____.com</u> or call 1-800-XXX-XXXX to learn more about the settlement**.

<u>What is the lawsuit about?</u>
Plaintiffs Stephanie Miller and Mary Alyce Dawson sued Inteleos, Inc. f/k/a ARDMS alleging negligence, breach of contract, consumer protection violations, and unjust enrichment in connection with a scoring error in which a number of people who took the RVT exam during the period of September 6, 2016 to March 14, 2017 were advised that they had failed at least one RVT exam when, in actuality, they had passed the exam. The lawsuit is a class action, meaning that Plaintiffs Stephanie Miller and Mary Alyce Dawson (the "class representatives") asked for relief not only for themselves, but also for all similarly situated individuals.  ARDMS agreed to pay a total $572,641 to compromise those claims with $127,500 allocated to pay individuals in this Subclass 2 ("Subclass 2 Fund"), and $445,141 allocated to pay individuals in Subclass 1, less fees and expenses identified below.  The parties have entered into a Settlement Agreement which will be presented to the U.S. District Court for the Northern District of Ohio in the lawsuit *Miller, et al. v. Inteleos, Inc.*, Case No. 1:17-cv-00763-DAP.

<u>What benefits does the settlement provide?</u>
The settlement funds will be used to pay eligible class members, pay the legal fees incurred by the class representatives (up to one-third of the settlement fund) plus expenses and costs of class notice and settlement administration, and pay up to $5,000 to each of the two class representatives, as awarded by the Court. If the Court approves the settlement, everyone in Subclass 2 who previously cashed the exam reimbursement check without requesting or receiving additional compensation beyond the reimbursement check will automatically receive an additional $500 payment, less proportionate fees and expenses identified above.  This payment amount may be adjusted up or down depending on the number of individuals who remain in Subclass 2, so as to fully and fairly allocate and pay out the entire net Subclass 2 Fund to Subclass 2 Members.  None of the money in the settlement fund will revert back to ARDMS.

<u>How can you get a payment?</u>
Detailed information about the settlement is posted on the settlement website and can also be obtained by calling the number below. **You do not have to do anything to get a payment.  A check will be mailed to you to the last known address in ARDMS' records.  If you moved after taking the RVT exam, please call the number below and provide your new address.**

<u>What other options do you have?</u>
If you would prefer not to be part of the settlement and not get a payment, you have the right to ask the Court to exclude you. To do so, you must complete and submit a request for exclusion by **January 28, 2018.**  If you want to be part of the settlement but object to its terms, you or your attorney can submit a written objection and/or appear at

*EXHIBIT 6 – Subclass 2 Electronic-Mail Notice*

the final approval hearing discussed below. To do so, you must complete and submit your objection by **January 28, 2018.**  Detailed information on these options is posted on the settlement website.

<u>Final Approval Hearing</u>.
The Court will hold a hearing on March ___, 2018, at which time it will consider any objections, decide the amount of attorney's fees, incentive awards, and expenses to award, and decide whether to approve the settlement.

**QUESTIONS? CALL 1-800-XXX-XXXX TOLL FREE, OR VISIT WWW._____.COM.**

*EXHIBIT 7 -- Subclass 2 Postcard Notice*

<u>LEGAL NOTICE</u>

**Because you passed one or more Registered Vascular Technology ("RVT") exams administered by the American Registry for Diagnostic Medical Sonography, Inc. ("ARDMS") during the period of September 6, 2016 to March 14, 2017, but you were erroneously advised that you failed one or more of these RVT exams, you are entitled to a cash payment from a class action settlement.**

A federal district court authorized this notice. This is <u>not</u> a solicitation from a lawyer.



XXX-00-___-____
www._____.com

*Miller, et al. v. Inteleos, Inc.*
*Settlement Administrator*
P.O. Box _____
_____, __ _____-____

US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»

a proposed settlement has been reached in a class action lawsuit against Inteleos, Inc. f/k/a/ ARDMS, alleging that during the period of September 6, 2016 to March 14, 2017 certain people who took the RVT exam that was administered by ARDMS were advised that they had failed at least one RVT exam when, in actuality, they had passed the exam. Plaintiffs alleged negligence, breach of contract, consumer protection violations, and unjust enrichment.

**Who is included?** ARDMS' records show that you are included in the settlement as a "Class Member" in "Subclass 2." Subclass 2 Members include everyone who took one or more RVT exams administered by ARDMS during the period of September 6, 2016 to March 14, 2017 and who were advised that they failed at least one exam, but in actuality, they had passed at least one of these exams; and who cashed an exam reimbursement check sent by ARDMS, but did not request or receive additional compensation from ARDMS above and beyond that initial reimbursement check.

**What does the Settlement provide?** ARDMS has agreed to pay a total of $572,641 into a settlement fund, with $127,500 allocated to individuals in this Subclass 2 ("Subclass 2 Fund"), and $445,141 allocated to Subclass 1. Although each Subclass 2 Member has already received reimbursement/compensation from ARDMS by cashing the exam reimbursement check, each Subclass 2 Member will receive an additional $500 from this Settlement, less the proportionate costs of class notice, settlement administration, and Court-approved attorney's fees, costs, expenses, and representative plaintiff service awards. This payment amount may be adjusted up or down depending on the number of individuals who remain in Subclass 2, so as to fully and fairly allocate and pay out the entire net Subclass 2 Fund to Subclass 2 Members. None of the money in the settlement fund will revert back to ARDMS.

**How do I get a payment?** You do not have to do anything to get a payment. A check will be mailed to you to the last known address in ARDMS' records. If you moved after taking the RVT exam, please call the number below and provide your new address.

**What are my other options?** If you do not want to be legally bound by this settlement, you must exclude yourself by **January 28, 2018**. Unless you exclude yourself from the settlement, you will not be able to sue ARDMS for any claim made in this lawsuit or released by the Settlement Agreement. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intends to appear at the Court's fairness hearing. Objections are due by **January 28, 2018**. This notice is a summary. For more information, including the Detailed Notice and Settlement Agreement, call 1-___-___-____ or go to www._____.com.

**The Court's Fairness Hearing.** The U.S. District Court for the Northern District of Ohio, located at 801 West Superior Avenue, Cleveland, Ohio 44113, will hold a hearing in this case (*Miller, et al. v. Inteleos,* No. 17-cv-763) on **March ___, 2018**, at _____. At the fairness hearing the Court will decide whether to approve: (1) the settlement; and (2) Class Counsel's request for attorney's fees of up to one-third of the settlement fund, reimbursement of costs and expenses, and a service award of up to $5,000 to each of the representative plaintiffs. You may appear at the hearing, but you do not have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

*EXHIBIT 8 – Detailed Notice*

<u>United States District Court, Northern District of Ohio</u>

<u>NOTICE OF CLASS ACTION SETTLEMENT REGARDING MIS-SCORED RVT EXAMS ADMINISTERED
BY ARDMS DURING THE PERIOD OF SEPTEMBER 6, 2016 TO MARCH 14, 2017</u>

*The Court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU TOOK ONE OR MORE REGISTERED VASCULAR TECHNOLOGY ("RVT")
EXAM(S) ADMINISTERED BY THE AMERICAN REGUSTRY FOR DIAGNOSTIC
MEDICAL SONOGRAPHY, INC. ("ARDMS") DURING THE PERIOD OF
SEPTEMBER 6, 2016 TO MARCH 14, 2017 AND YOU WERE ADVISED THAT YOU
FAILED AT LEAST ONE EXAM, BUT IN ACTUALITY, YOU HAD PASSED AT
LEAST ONE OF THESE EXAMS, THIS NOTICE CONTAINS IMPORTANT
INFORMATION THAT PERTAINS TO YOU. PLEASE READ IT CAREFULLY.  YOU
MAY GET A PAYMENT FROM A CLASS ACTION SETTLEMENT, BUT YOU MAY
NEED TO SUBMIT A FORM TO DO SO.**

| YOUR LEGAL RIGHTS AND OPTIONS WITH THIS SETTLEMENT: | |
|---|---|
| **RECEIVE YOUR SHARE OF THE SETTLEMENT** | If you are a member of the Settlement Class, then you will be eligible for a payment.  If you are a Member of Subclass 1, you must submit a properly completed Claim Form and provide supporting documentation by **February 22, 2018**.  If you are a Member of Subclass 2, you do not have to do anything, and a check will be mailed to you.  Unless you take affirmative steps to exclude yourself from this Settlement, you will be bound by the Release described in Question 12. |
| **EXCLUDE YOURSELF** | You have the option to exclude yourself, or "Opt-Out" of this Settlement.  If you do so, you will get no payment. This is the only option that allows you to be part of any other lawsuit against Inteleos, Inc. or ARDMS based on the allegations made in this case.  The deadline for excluding yourself from the Settlement is **January 28, 2018.** |
| **OBJECT** | Write to the Court about why you don't like the Settlement.  The deadline for submitting a written objection to the Settlement is **January 28, 2018.** |
| **GO TO THE FINAL APPROVAL HEARING** | You are not required to attend or speak at the Final Approval Hearing.  If you submit a timely and valid written objection to the Settlement, the Court will consider your objection without any further action on your part.  But, if you wish, you may request permission to speak at the Final Approval Hearing by following the directions in Question 22.  The Final Approval Hearing is presently scheduled for **March ___, 2018.** |

- Defendant Inteleos, Inc. f/k/a the American Registry for Diagnostic Medical Sonography, Inc. ("ARDMS") has agreed to pay a total of $572,641 to settle all claims alleged against it in the class action lawsuit, *Miller, et al. v. Inteleos, Inc.,* Case No. 1:17-cv-00763-DAP, filed in the United States District Court for the Northern District of Ohio (the "Class Action Lawsuit"), any fact and/or circumstance related to any incorrect scoring of any Registered Vascular Technology ("RVT") exam(s) taken by Plaintiffs, or any fact and/or circumstance

which has been alleged, or which could have been alleged, in the Class Action Lawsuit arising out of the incorrect scoring of the RVT exam(s).  The proposed settlement ("the Settlement") is a compromise of all claims by Plaintiffs including allegations of negligence, breach of contract, consumer protection violations, and unjust enrichment in connection with a scoring error in which a number of people who took the RVT exam during the period of September 6, 2016 to March 14, 2017 were advised that they had failed at least one RVT exam when, in actuality, because of a scoring error, they had passed the exam. Of the $572,641 Settlement Fund, $445,141 will be allocated to Subclass 1 and $127,500 will be allocated to Subclass 2. Subclass 1 Members are those individuals who took an RVT examination(s) administered by ARDMS from September 6, 2016 to March 14, 2017, and who received a "failing score," when in fact they passed the exam(s), and who did not cash an exam reimbursement check sent to them by ARDMS and who did not request or receive any compensation from ARDMS in connection with the scoring error.  Subclass 2 Members are those individuals who took an RVT examination(s) administered by ARDMS from September 6, 2016 to March 14, 2017, and who received a "failing score," when in fact they passed the exam(s), and who cashed an exam reimbursement check sent to them by ARDMS, and who did not request or receive additional compensation from ARDMS above and beyond the reimbursement check.

- The Settlement avoids the costs and risks from continuing the Class Action Lawsuit, pays money to the individuals who are part of Subclass 1 and Subclass 2, and releases ARDMS from further liability as to them.

- The two sides disagree on how much money could have been recovered if individuals who received incorrect "failing scores" were to succeed at trial.

- **Your legal rights are affected whether you act or don't act.**  Please read this notice carefully.

- Your rights and options – **and the procedures and your deadlines to exercise them** – are explained in more detail below.  Please note, however, that this Notice is only a summary of the proposed Settlement.  For the complete terms and conditions of the proposed Settlement, you should read the document called the Settlement Agreement, which was filed with the Court and is available from the Settlement Administrator (**Telephone Number**) or the official Settlement website www._____.com.

- The Court in charge of this case still must decide whether to approve the proposed Settlement. Payments will not be made until the Court approves the Settlement and any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| BASIC INFORMATION…………………………………………………………….. | PAGE 3 |
|     1.  Why did I get this notice package? | |
|     2.  What is this lawsuit about? | |
|     3.  Why is this a class action? | |

2

| | |
|---|---|
| 4.   Why is there a settlement? | |
| **WHO IS IN THE SETTLEMENT**……………………………………………….. <br> 5.   How do I know if I am part of the Settlement? <br> 6.   Are there exceptions to being included? <br> 7.   What if I am still not sure if I am included? | **PAGE 5** |
| **THE SETTLEMENT BENEFITS—WHAT YOU GET**……………………………… <br> 8.   What does the Settlement provide? <br> 9.   How much will my payment be? | **PAGE 6** |
| **HOW YOU GET A PAYMENT—PARTICIPATING IN THE SETTLEMENT**…………………… <br> 10.  How can I get payment? <br> 11.  When will I get my payment? <br> 12.  What am I giving up to get a payment or stay in the Settlement Class? | **PAGE 8** |
| **EXCLUDING YOURSELF FROM THE SETTLEMENT**………………………………… <br> 13.  How do I get out of the Settlement? <br> 14.  If I don't exclude myself, can I sue these defendants for the same thing later? <br> 15.  If I exclude myself, can I get money from this Settlement? | **PAGE 9** |
| **THE LAWYERS REPRESENTING YOU**……………………………………………… <br> 16.  Do I have a lawyer in the case? <br> 17.  How will the lawyers be paid? | **PAGE 10** |
| **OBJECTING TO THE SETTLEMENT**…………………………………………… <br> 18.  How do I tell the Court that I don't like the Settlement? <br> 19.  What's the difference between objecting and excluding? | **PAGE 10** |
| **THE COURT'S FINAL APPROVAL HEARING** …………………………………….. <br> 20.  When and where will the Court decide whether to approve the Settlement? <br> 21.  Do I have to come to the hearing? <br> 22.  Can I speak at the hearing? | **PAGE 11** |
| **IF YOU DO NOTHING**…………………………………………………….. <br> 23.  What happens if I do nothing at all? | **PAGE 12** |
| **GETTING MORE INFORMATION**………………………………………………….. <br> 24.  Are there more details about the Settlement? <br> 25.  How do I get more information? | **PAGE 12** |

## BASIC INFORMATION

**1.   Why did I get this notice?**

You received this notice because ARDMS' records show that you took one or more registered vascular techoloy ("RVT") exam(s) administered by ARDMS during the period of September 6, 2016 to March 14, 2017 and you were advised that you failed at least one exam, but in actuality, you had passed at least one of these exams and you may not have been fully compensated for losses sustained in connection with the false fail. As such, you are a Class Member and are eligible to receive monetary compensation from the Settlement Fund.

3

The Court required that this notice be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, and about all your legal options, before the Court decides whether to approve the Settlement. The Court has preliminarily approved the Settlement. If the Court gives the Settlement its final approval, and after any objections and appeals are resolved, the Settlement Administrator appointed by the Court will make the payments that the Settlement allows. Please check the Settlement Website for updates on the status of the Settlement. This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the settlement approval process is the U.S. District Court for the Northern District of Ohio, Hon. Dan Aaron Polster (the court in which the Class Action Lawsuit is pending). Stephanie Miller and Mary Alyce Dawson, who sued Defendant Inteleos, Inc. f/k/a ARDMS in the Class Action Lawsuit, are called the Plaintiffs.

**2. What is the lawsuit about?**

Plaintiffs brought the Class Action Lawsuit on behalf of everyone who took an RVT exam(s) administered by ARDMS during the period of September 6, 2016 to March 14, 2017, and who were incorrectly informed by ARDMS that they failed the RVT exam(s), but, because of a scoring error, actually passed the RVT exam(s). As a result, Plaintiffs maintain that they suffered damages.

**3. Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case, Stephanie Miller and Mary Alyce Dawson) sue on behalf of people who have similar claims. The Class Representatives seek to have a single court resolve the issues for all members of the class, except for those who wish to exclude themselves from the class.

**4. Why is there a Settlement?**

The Court did not decide in favor of either Plaintiffs or ARDMS. Rather than continue with the court proceedings, both sides agreed to participate in mediation before a highly experienced and respected judge, the Hon. Dan Aaron Polster, and through those efforts, the Parties were able to agree to the Settlement. Before entering into the mediation with Defendants, the lawyers for the Plaintiffs in the Class Action Lawsuit ("Class Counsel") conducted an extensive investigation of the facts, and after conducting their extensive investigation, Class Counsel analyzed the significant risks associated with the continued litigation of this Class Action Lawsuit, including risks relating to: (a) prevailing on class certification; (b) overcoming ARDMS' defenses; and (c) calculating class-wide damages. Based on all these considerations and others, Class Counsel and the Class Representatives think the Settlement is best for all Settlement Class Members.

4

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first must determine if you are a Settlement Class Member.

**5.   How do I know if I am part of the Settlement?**

The Settlement Class is comprised of all individuals who took a Registered Vascular Technology (RVT) examination administered by ARDMS from September 6, 2016 to March 14, 2017, who passed the examination but received an incorrect failing score.  The Settlement Class is limited to and comprised of two Subclasses – Subclass 1 and Subclass 2.  Subclass 1 is comprised of the individuals who took an RVT exam(s) administered by ARDMS from September 6, 2016 to March 14, 2017 and who, because of a process error, received a "failing score" when they had in fact passed the exam(s), and who received an initial check(s) from ARDMS to cover the cost of the exam(s) and in certatin instances, to cover the cost to verify their scores or take a practice exam(s), but did not cash the initial check(s) and did not request and did not receive additional compensation from ARDMS.  Subclass 2 is comprised of the individuals who took an RVT exam(s) administered by ARDMS from September 6, 2016 to March 14, 2017 and who, because of a process error, received a "failing score" when they had in fact passed the exam(s), and who cashed the initial check(s) that were sent to them by ARDMS but did not request or receive additional compensation above and beyond the reimbursement check.

The Settlement Class does not include those who took an RVT exam(s) administered by ARDMS from September 6, 2016 to March 14, 2017 and who, because of a process error, received a "failing score" when they had in fact passed the exam(s), but did not cash the initial reimbursement check from ARDMS and who asked for and received additional compensation above and beyond the amount in the reimbursement check, including compensation for losses such as exam fees and related expenses, lost wages, lost opportunities, time spent studying and study materials, and consequential damages and/or emotional harm.  These individuals are not part of the Settlement Class, and any rights they may have are not affected or released by this Settlement.

If you received an Electronic-Mail Notice or Postcard Notice of this Settlement from the Settlement Administor, then ARDMS' records indicate that you took one or more Registered Vascular Techoloy (RVT) exam(s) administered by ARDMS during the period of September 6, 2016 to March 14, 2017 and you were advised that you failed at least one exam, but in actuality, you had passed at least one of these exams and you may not have been fully compensated for losses sustained in connection with the false fail.  Therefore, if you received Electronic-Mail Notice or Postcard Notice of this Settlement, then ARDMS' records indicate that you are a Settlement Class Member.

**6.   Are there exceptions to being included?**

Yes.  Even if you fall within the Settlement Class as described in Question 5, you are not a Settlement Class Member if you are: (1) a current and former employee, officer and director of ARDMS and their agents, subsidiaries, parents, successors, predecessors, or any entity in which

they or their parents have a controlling interest; (2) Class Counsel or their immediate family members; (3) the judge to whom this case is assigned or part of the judge's immediate family; (4) any person who executes and files a timely request for exclusion from the Class; (5) any person who has had their claims in this matter finally adjudicated and/or otherwise released; (6) any person who Class Counsel represents who previously agreed to be excluded from the Class Settlement; and (7) the legal representative, successor or assign of any such excluded person.

**7.   What if I am still not sure if I am included?**

If you are still not sure whether you are included, you can ask for free help. You can call the Settlement Administrator at [Telephone] or visit www._____.com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**8.   What does the settlement provide?**

ARDMS has agreed to pay a total of $572,641 (the "Settlement Amount" or "Settlement Fund") into a settlement fund for the benefit of Settlement Class Members.  After deducting from $445,141 Subclass 1's proportionate share of attorney's fees and expenses, service awards, and class notice and settlement administration costs referenced below, the "Subclass 1 Fund" will be allocated and distributed to Subclass 1 Members.  After deducated from $127,500 Subclass 2's proportionate share of attorney's fees and expenses, service awards, and class notice and settlement administration costs referenced below, the "Subclass 2 Fund" will be allocated and distributed to Subclass 2 Members.

**SUBCLASS 1 MEMBERS MUST SUBMIT A CLAIM FORM TO PARTICIPATE IN THE SETTLEMENT.**  The Claim Form is included in this Notice package. An electronic version of the Claim Form that you can fill out and submit online is also included on the Settlement Website.

Subclass 1 Members may only seek damages that they incurred *after* they were incorrectly advised for the first time that they failed an Exam that they had actually passed. Subclass 1 Members *cannot* seek damages for items that occurred *prior to* the first False Fail, although they will be receiving a refund of all of their Exam Registration Fees and fees to verify their RVT Exam result(s) under the Settlement.

If a Subclass 1 Member sustained damages in an amount *less* than the maximum possible recovery set forth for each category of damages (as stated in the Claim Form), they do not have to submit any documents to support their claimed damages for that category. However, if a Subclass 1 Member believes he or she sustained damages *greater* than the maximum possible recovery (as set forth for each category), then they must submit supporting documentation along with the Claim Form to the Settlement Administrator. Missing documentation or insufficient support may affect the amount that a Subclass 1 Member may be able to recover.

**SUBCLASS 2 MEMBERS DO NOT HAVE TO SUBMIT A CLAIM FORM TO PARTICIPATE IN THE SETTLEMENT.**  A check will be mailed to Subclass 2 Members to their last known address in ARDMS' records.  If you moved after taking the RVT exam, please call the Settlement Administrator at [**telephone number**] and provide your new address.

The Settlement authorizes Class Counsel to seek an award of attorney's fees of up to a maximum amount of one-third (33 1/3%) of the Settlement Amount and to request reimbursement of the out-of-pocket litigation expenses they have already paid in connection with the Class Action Lawsuit.

In addition, Class Counsel will ask the Court to approve payment out of the Settlement Fund to the Settlement Administrator for class notice and settlement administration costs. Furthermore, subject to the Court's approval, Plaintiffs Stephanie Miller and Mary Alyce Dawson will receive a payment from the Settlement Fund of up to $5,000 each for their efforts in undertaking the litigation, assisting Class Counsel with the prosecution of the Class Action Lawsuit and serving as the Class Representatives.

If approved by the Court, these attorney's fees, expenses, costs (including class notice and settlement administration costs) and service awards will be paid from the Settlement Amount. After payment of the fees, expenses, costs and service awards that are awarded by the Court, the remainder of the Settlement Fund (the "Net Settlement Amount") will be divided among Subclass 1 Members who submit Claim Forms and provide supporting documentation, if necessary, and Subclass 2 Members who do not opt-out of the Settlement. (See Answer to No. 10).

## 9. How much will my payment be?

The Net Settlement Amount will be distributed pursuant to a Plan of Allocation to be approved by the Court.

Each Settlement Class Member in Subclass 1 who submits a valid Claim Form will receive a share of the Net Settlement from the Subclass 1 Fund. Without documentation supporting the claimant's damages, the amount of the individual's settlement payment will be subject to maximum possible recovery amounts per category of damages as shown on the Claim Form. A Subclass 1 Member that believes he or she sustained damages *greater* than the maximum possible recovery (as set forth for each category), then the Subclass 1 Member must submit supporting documentation along with their Claim Form to the Settlement Administrator. Missing documentation or insufficient support may affect the amount that a Subclass 1 Member may be able to recover. **Please Note** that these payment amounts may be adjusted up or down depending on the number of Claim Forms received and documentation and substantiation provided, so as to fully and fairly allocate and pay out the entire net Subclass 1 Fund to Class Members who submit Claim Forms. None of the money in the Subclass 1 Fund will revert back to ARDMS.

Each Settlement Class Member in Subclass 2 will receive $500, less their portion of deducted attorney's fees, expenses, costs (including class notice and settlement administration costs) and service awards. **Please Note** that this payment may be adjusted up or down depending on the number of individuals who remain in Subclass 2, so as to fully and fairly allocate and pay out the entire net Subclass 2 Fund to Subclass 2 Members. None of the money in the Subclass 2 Fund will revert back to ARDMS.

## HOW YOU GET A PAYMENT—PARTICIPATING IN THE SETTLEMENT

**10. How can I get a payment?**

To qualify for a payment, if you are in Subclass 1, you do not need to do anything other than submit a Claim Form and any necessary documentation supporting your damages or harm suffered, either by mail or online by **February 22, 2018**. If the Court approves the Settlement, you will be sent money by check from the Settlement Administrator to the address specified in your Claim Form.

If you are a member of Subclass 1 and do not submit a Request for Exclusion, but you fail to submit a timely and valid Claim Form, you will not receive any money from the Settlement, but you will still be bound by all of the terms of the Settlement Agreement, including the Final Approval Order and the release of Plaintiffs' Released Claims.

If you are in member of Subclass 2 , you do not need to do anything to qualify for a payment. A check will be mailed to Subclass 2 Members to their last known address in ARDMS' records.  If you moved after taking the RVT exam, please call the Settlement Administrator at [**telephone number**] and provide your new address.

If you are a member of Subclass 2 and do not submit a Request for Exclusion, you will not receive any money from the Settlement, but you will still be bound by all of the terms of the Settlement Agreement, including the Final Approval Order and the release of Plaintiffs' Released Claims.

**11. When will I get my payment?**

The Court will hold a hearing on **March ___, 2018** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be one or more appeals. It's always uncertain whether these appeals can be resolved, and resolving them may take time, often more than a year. Once any and all appeals are resolved, the Settlement Administrator can distribute the Net Settlement Amount.

**12. What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you will stay in the Settlement Class, and all of the Court's orders will apply to you and legally bind you.  That means that you cannot sue, continue to sue, or be part of any other lawsuit against Inteleos, Inc. or ARDMS about the scoring error on the RVT exam(s) that you took and which were administered by ARDMS from September 6, 2016 to March 14, 2017. If you stay in the Settlement Class, you will release and forever discharge American Registry for Diagnostic Medical Sonography, Inc., Inteleos, Inc., and ARDMS, and their agents, employees, owners, shareholders, principals, officers, directors, attorneys, heirs, representatives, executors, administrators, assignees, predecessors in interest, parent companies, subsidiaries, affiliates, related companies, and insurers, of and from all claims, causes of action, lawsuits, judgments, and demands of whatsoever in kind, in law or in equity, known or unknown, foreseen and unforeseen, that arise from or are related in any way to the Class Action Lawsuit,

8

any fact and/or circumstance related to any incorrect scoring of any Registered Vascular Technology ("RVT") exam(s) taken by Plaintiffs, or any fact and/or circumstance which has been alleged, or which could have been alleged,in the Class Action Lawsuit arising out of the incorrect scoring of any Registered Vascular Technology ("RVT") exam(s) taken by Plaintiffs, or any fact and/or circumstance which has been alleged, or which could have been alleged, in the Class Action Lawsuit arising out of the incorrect scoring of the RVT exam(s).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send the Settlement Administrator a letter by mail saying that you want to be excluded fro m the Settlement.  Your request for exclusion must include all of the following:

> (a)  Your name and address;
> (b)  Your physical signature;
> (c)  The name and number of the Class Action Lawsuit (that is, "*Miller, et al. v. Inteleos, Inc.,* Case No. 1:17-cv-00763-DAP"); and
> (d)  A statement that you wish to be excluded from the Settlement Class.

You must mail your request for exclusion postmarked no later than **January 28, 2018** to:

[Settlement Administrator]
[Street Address]
[City, ST]

If you ask to be excluded, you will not get any Settlement payment, you cannot object to the Settlement, and you cannot ask to speak at the Final Approval Hearing. You will not be legally bound by anything that happens in the Class Action Lawsuit. Depending upon the applicable statute of limitations, you may be able to sue (or continue to sue) ARDMS on you own regarding the issues raised in the Class Action Lawsuit.

### 14. If I don't exclude myself, can I sue ARDMS for the same thing later?

No. Unless you exclude yourself, you give up any right to sue any Inteleos, Inc. or ARDMS for the claims that this Settlement resolves. If you have a pending lawsuit against ARDMS (or any of its related parties as described in answer to Question No. 12 above), speak to your lawyer in that case immediately. You may have to exclude yourself from the Settlement Class to continue your own lawsuit against a Defendant or any of its related parties. Remember, the exclusion deadline is **January 28, 2018**.

### 15. If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself, you will not receive any money from the Settlement. But, you are free to sue, continue to sue, or be part of a different lawsuit against ARDMS.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court has appointed Marc E. Dann and William C. Behrens of the Dann Law Firm. Co., LPA, and Thomas A. Zimmerman, Jr., Sharon A. Harris, and Maebetty Kirby of the Zimmerman Law Offices, P.C. as Class Counsel for the Settlement Class ("Class Counsel"). You will not be separately charged for their services. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of attorney's fees in an amount not to exceed one-third (33 1/3%) of the Settlement Amount, after payment of up to a maximum amount of $5,000 each to Plaintiffs Stephanie Miller and Mary Alyce Dawson for their services as the Class Representatives, plus reimbursement of their litigation expenses. The attorneys' fees would pay Class Counsel for investigating the facts, litigating the case and negotiating the Settlement. The Court may award less than the amounts requested. The amounts paid for attorney's fees, litigation expenses and the service awards will be paid out of the Settlement Amount and will reduce the  amount available for Settlement Class Members. In addition, the costs for providing notice to the Settlement Class Members and the costs to administer the Settlement will also reduce the fund available for Settlement Class Members.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 18. How do I tell the Court that I don't like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it and tell the Court why you feel the Settlement should not be approved. The Court will consider your views. To object, you must mail or your lawyer must file a document with the Court stating that you object to the Settlement. Your objection must include:

- Case name ("*Miller, et al. v. Inteleos, Inc.*");
- Case number (Case No. 1:17-cv-00763-DAP);
- Your name and address;
- You physical signature;
- A statement that you are a Settlement Class Member;
- The date(s) on which you took took the RVT exam(s) administered by ARDMS and received a "failing score," when in actuality you passed the exam(s);
- The reasons that you object to the proposed Settlement, along with any supporting documents; and
- A statement indicating whether you intend to appear at the Fairness Hearing with or without counsel.

In addition to you mailing or your attorney filing your objection with the Court, the objection must also be mailed to each of the following addresses, postmarked no later than **January 28, 2018**:

| COURT | CLASS COUNSEL | ARDMS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>U.S. District Court for the<br>   Northern District of Ohio<br>Carl B. Stokes United States<br>Courthouse<br>801 West Superior Avenue<br>Cleveland, Ohio 44113 | Thomas A. Zimmerman, Jr.<br>Zimmerman Law Offices, P.C.<br>77 W. Washington St., Suite 1220<br>Chicago, IL 60602 | Matthew D. Berkowitz<br>Carr Maloney P.C.<br>2020 K Street, NW, Suite 805<br>Washington, DC 20006 |

## 19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court has preliminarily approved the Settlement. The Court will hold a Final Approval Hearing to decide whether to give final approval to the Settlement. Although you don't have to, you may attend and, if you filed a timely, written objection, you can ask to speak at the hearing.

## 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at _____ on **March ___, 2018** at the U.S. District Court for the Northern District of Ohio, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113. At this hearing, the Court will consider whether the Settlement with ARDMS is fair, reasonable, adequate and in the best interests of the Settlement Class. The Court will also consider whether to approve the proposed Plan of Allocation of the Settlement proceeds to the Settlement Class. The Court will also consider (a) the application by Class Counsel for payment of attorneys' fees and reimbursement of expenses out of the Settlement Fund created through their efforts, and (b) the application for the payment of Service Awards to the Class Representatives.

If there are any timely objections to the Settlement, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement and how much to pay Class Counsel and the Class Representatives.  We do not know how long these decisions will take.

The Final Approval Hearing may be continued or adjourned by the Court without further notice to the Settlement Class.  Settlement Class Members who may attend the Final Approval Hearing can check the Settlement Website for updates.

**21. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have.  But you are welcome to attend at your own expense. If you send an objection, you don't have to come to the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you hired your own lawyer, you may have to pay your own lawyer to attend, but it's not necessary that he or she do so.

**22. Can I speak at the hearing?**

You cannot speak at the hearing if you excluded yourself from the Settlement.  If you filed a timely, written objection, you (or your own lawyer) may appear and speak at the Final Approval Hearing but, to do so, a notice of your intention to appear must be filed with the Court.

## IF YOU DO NOTHING

**23. What happens if I do nothing at all?**

If you do nothing, then, if you are eligible and not excluded (as described in Questions 5 and 6 above), you'll automatically be part of the Settlement Class.  If you are in Subclass 1 and you submit the Claim Form, and any necessary supporting documentation if you are seeking more than the maximum possible recovery for any category as set forth in the Claim Form, or if you are in Subclass 2, you will be sent money from this Settlement based on the Plan of Allocation if the Settlement is approved by the Court. You will also be bound by the Final Approval Order approving the Settlement and cannot start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the issues in the Class Action Lawsuit.

## GETTING MORE INFORMATION

**24. Are there more details about the Settlement?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. If you wish to review the Settlement Agreement, you may do so by visiting www._____.com.

**25. How do I get more information?**

You can call the Settlement Administrator at [telephone number], write to the Settlement Administrator at [address] or visit the Settlement Website at www._____.com, where you will find answers to common questions about the Settlement, plus other information to help you determine whether you are member of the Settlement Class and whether you are eligible for payment. The most important documents in this case can be viewed, free of charge, on the Settlement website.  You can also call Class Counsel at (216) 373-0539 for Marc E. Dann, or (312) 440-0020 for Thomas A. Zimmerman, Jr., and you can email them at notices@dannlaw.com or tom@attorneyzim.com.  You may also write to them. Marc E. Dann,

The Dann Law Firm Co., LPA, P.O. Box 6031040, Cleveland, Ohio 44103, www.dannlaw.com, or Thomas A. Zimmerman, Jr., Zimmerman Law Offices, P.C., 77 W. Washington St., Suite 1220, Chicago, IL 60602, www.attorneyzim.com.

If you wish to review all of the pleadings and other records in the Class Action Lawsuit, including the Settlement Agreement, they may be examined online on PACER at www.pacer.gov/findcase.html. After arriving at the website, click the 'Search the PACER Case Locator' link, then follow the directions and enter **1:17-cv-00763** as the case number and click 'SEARCH.' Images of every document filed in the case may be viewed at a minimal charge. You may also contact the U.S. District Court for the Northern District of Ohio, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113, (216) 357-7000, about how you may access documents and pleadings for free.

Date:  November 14, 2017.

13

*EXHIBIT 9 – Letter to Subclass 2 to Accompany Settlement Check*

Dear _____:

You are a member of Subclass 2 of the Settlement Class in the class action lawsuit captioned *Miller, et al. v. Inteleos, Inc.,* Case No. 1:17-cv-00763-DAP, filed in the United States District Court for the Northern District of Ohio (the "Class Action Lawsuit").  As you are aware, the Class Action Lawsuit alleged that certain individuals, including yourself, who took the Registered Vascular Technology ("RVT") exam administered by the American Registry for Diagnostic Medical Sonography, Inc. ("ARDMS") during the period of September 6, 2016 to March 14, 2017, received a "failing score," when it was, in actuality, a passing score.

As you are also aware, the parties have reached a settlement in the Class Action Lawsuit and the Court has approved the settlement.  As a Subclass 2 Member, you previously received and cashed a check from ARDMS that reimbursed you for the cost of the exam(s) and the cost you may have paid to verify your score(s) and/or reimbursement for a practice exam(s).  Prior to cashing the check you were advised that by cashing the check, you understood and agreed that you had been fully compensated for any losses that you sustained in connection with the incorrect scoring of the exam(s), that you were releasing ARDMS from all claims related to the exam(s) and the Class Action Lawsuit, and that you would be precluded from participating in the Class Action Lawsuit.

However, as part of the settlement ARDMS has agreed that each Subclass 2 Member will receive an additional $500.00 (less the proportionate share of attorneys' fees and costs, class representative service awards, and costs of class notice and settlement administration) to provide additional compensation above and beyond the reimbursement check. Accordingly, enclosed please find a check in the amount of $_____.  If you fail to cash this check before it expires in six months from the date of issuance, you will forfeit your right to this additional payment, but you will still be bound by the terms of the settlement.

Please note that neither the settlement nor this additional payment invalidates any prior and enforceable release you may have given when you cashed the initial check from ARDMS, and this payment does not constitute a waiver of any prior release that you or any other individual may have given by cashing the initial check from ARDMS.  Please also refer to the Settlement Website (INSERT URL) and the documents on the Settlement Website for important information that may affect your rights.

Should you have any questions, please contact the Settlement Administrator at [telephone #].

Sincerely,