**IN THE UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHANIE MILLER | ) | |
| | ) | |
| and | ) | CASE NO.  1:17-cv-00763-DAP |
| | ) | |
| MARY ALYCE DAWSON | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| individually, and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTELEOS, INC., f/k/a the AMERICAN REGISTRY OF DIAGNOSTIC MEDICAL SONOGRAPHY, INC. | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY APPROVAL ORDER**

The matter before the Court is the motion of Plaintiffs Stephanie Miller and Mary Alyce Dawson ("Plaintiffs") for preliminary approval of a proposed class action settlement with Defendant Inteleos, Inc., f/k/a the American Registry for Diagnostic Medical Sonography, Inc. ("Defendant") on behalf of a Settlement Class.  The proposed Settlement would resolve all of the claims asserted by Plaintiffs and members of the proposed Settlement Class in this action against Defendant (the "Action").

This matter has been resolved by compromise as a result of mediation held before Judge Dan Aaron Polster on September 28, 2017 (the "Mediation"). Plaintiffs and Defendant (collectively, the "Parties"), through their respective counsel, have executed and filed with this Court a Settlement Agreement that resolves this action and all claims alleged therein. The Court, having overseen the Mediation, reviewed the Settlement Agreement, including the exhibits

thereto, and considered the briefing submitted in support of the unopposed motion and the arguments of counsel thereon, finds that the terms of the proposed Settlement are fair, reasonable and adequate to Plaintiffs and the Settlement Class and that the interests of fairness, consistency, and efficiency are well served by a single class settlement. The Court therefore hereby GRANTS the preliminary approval motion and ORDERS as follows.

1.      Except as otherwise stated, this Order incorporates the defined terms set forth in the Settlement Agreement.

2.      For purposes of settlement, and conditioned upon the Settlement Agreement receiving final approval following the Fairness Hearing, the Court conditionally certifies the following Settlement Class, which is made up of Subclass 1 and Subclass 2, pursuant to Federal Rule of Civil Procedure 23(b)(3):

- "Affected Exam Takers" means the 403 exam takers who took one or more Registered Vascular Technology ("RVT") exams administered by ARDMS from September 6, 2016 to March 14, 2017 and who, because of a process error, received a "failing score" when they had in fact passed the exam(s).

- "Initial Check," "Initial Checks," or "Initial Check(s)" means the $250, $500, or $750 checks, depending on how many times the Affected Exam Taker took the RVT exam(s), that were sent by ARDMS to  Affected Exam Takers to cover the cost of the RVT exam(s).   "Initial Checks" also includes the amounts paid to a handful of individuals to reimburse them for the cost they paid to verify their score(s) and/or reimbursement for a practice exam(s) (amounting to an additional $35 and/or $25, respectively).

- "Subclass 1" means those Affected Exam Takers who received an Initial Check(s) from ARDMS, but did not cash the Initial Check(s) and did not request and did not receive additional compensation from ARDMS.

- "Subclass 2" means those Affected Exam Takers who cashed the Initial Checks sent to them by ARDMS and who did not request or receive additional compensation.

Excluded from the Settlement Class are: ARDMS and Inteleos, Inc., and their respective officers, directors, and employees, board members, affiliated, related companies, or entity that has a controlling interest in ARDMS or Inteleos, Inc., and all of their respective employees, agents, board members, affiliates, legal representatives, heirs, successors, or assigns, Class Counsel and their immediate family members, and the judge to whom this case is assigned and the judge's immediate family.  The Settlement Class also does not include any of the Affected Non-Settlement Class Members, who are defined as those Affected Exam Takers who asked for and received additional compensation above and beyond the sum of the Initial Check(s) to compensate them for losses, including, *inter alia*, exam fees and related expenses, lost wages, lost opportunities, time spent studying and study materials, and/or consequential damages and/or emotional harm. ARDMS has asserted that the Affected Non-Settlement Class Members released their individual claims against ARDMS. The Court makes no finding as to the merits of this assertion.  The Settlement Class also does not include the two individuals who may have been part of Subclass 2 and who signed a retainer agreement with Class Counsel, but previously entered into a separate agreement and Class Counsel represented at Mediation that they would be excluded.

3.     With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement and for no other purpose, that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in this action would be impracticable, as the Settlement Class comprises hundreds of members; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions, including whether Defendant breached its contract with Plaintiffs and Settlement Class members, whether Defendant owed a duty of care to Plaintiffs and Settlement Class members, whether Defendant breached that duty of care, whether Defendant violated applicable consumer protection laws, whether Defendant has been unjustly enriched at the expense of Plaintiffs and Settlement Class members, and whether Plaintiffs and Settlement Class members are entitled to, and the proper amount of, damages; (iii) the claims of the representative Plaintiffs are typical of the claims of the Settlement Class, as the representative Plaintiffs received an incorrect "failing score" on an RVT exam when they had in fact passed the exam, and Plaintiffs do not have any conflicts of interest with the other members of the Settlement Class; (iv) Plaintiffs and Plaintiffs' Counsel can fairly and adequately represent and protect the interests of the Settlement Class members, as shown by their extensive investigation, vigorous prosecution of this Action, and services performed to date; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy as it relates to the proposed Settlement, considering the interests of the Settlement Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members, the desirability or undesirability of continuing the litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action as it relates to the proposed Settlement.

4.      The Settlement, on the terms and conditions set forth in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable, adequate, and within the range of possible final judicial approval. The Court finds that the Settlement resulted from arm's-length negotiations conducted in good faith by the Parties in a mediation before this Court, and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

5.      The Court provisionally finds that the named Plaintiffs Stephanie Miller and Mary Alyce Dawson are able to fairly and adequately represent the Settlement Class and appoints Plaintiffs as the Class Representatives for the Settlement Class.  Plaintiffs are two of the Affected Exam Takers at issue in the Action, and have diligently prosecuted this matter.

6.      The Court appoints the following as "Class Counsel": Marc E. Dann and William C. Behrens of the Dann Law Firm Co., LPA, and Thomas A. Zimmerman, Jr., Sharon A. Harris, and Maebetty Kirby of the Zimmerman Law Offices, P.C., finding that these attorneys are able to fairly and adequately represent the Settlement Class, and have competently represented the Plaintiffs and Settlement Class in this matter.

7.      The Court preliminarily approves the Plan of Allocation of the Subclass 1 Fund to Subclass 1 Members, and approves the Plan of Allocation of the Subclass 2 Fund to Subclass 2 Members.

8.      The Court orders Defendant to pay one hundred thousand dollars ($100,000.00) of the agreed Settlement Amount to the Settlement Administrator within twenty (20) days after entry of this Order, pursuant to the terms set forth in the Settlement Agreement.

9.      The Court approves the Settlement Class Notice plan set forth in the Settlement Agreement, as well as the notices attached as Exhibit 4 (Subclass 1 Electronic-Mail Notice),

Exhibit 5 (Subclass 1 Postcard Notice), Exhibit 6 (Subclass 2 Electronic-Mail Notice), Exhibit 7 (Subclass 2 Postcard Notice), and Exhibit 8 (Detailed Notice) thereto. The Court finds that the Settlement Class Notice provides a sufficiently clear and concise description of the action, the Settlement terms, and the rights and responsibilities of the Settlement Class Members, and that the dissemination of the Settlement Class Notice through Electronic Mail, U.S. Mail, and posting on the Settlement Website as set forth in the Settlement Agreement is the best means practicable, and is reasonably calculated to apprise the Settlement Class Members of the litigation and their right to participate in, object to, or exclude themselves from the Settlement. Accordingly, the Parties and their counsel are directed to disseminate the Settlement Class Notice pursuant to the terms of the Settlement Agreement.

10.     The Court approves the Claim Form attached to the Settlement Agreement as Exhibit 3, and the letter to Subclass 2 members (attached to the Settlement Agreement as Exhibit 9) that is to accompany the Settlement check to be sent to them.

11.     The Court approves and appoints Kurtzman Carson Consultants ("KCC") as the Settlement Administrator, and directs them to perform the duties set forth in the Settlement Agreement. As set forth in the Settlement Agreement, all costs and expenses incurred by the Settlement Administrator in connection with disseminating the notice and administering the Settlement shall be paid from the Settlement Amount.

12.     The Court will conduct a Fairness Hearing, at which time it will consider any objections to the Settlement Agreement and determine whether the Settlement Agreement should be finally approved, on March 22, 2018 commencing at 11:30 a.m.

13.     Class Counsel shall file their motion for an Award of Attorney's Fees and Expenses and for Service Awards to the Plaintiffs as Class Representative no later than fourteen

(14) days prior to the deadline for submission of Requests for Exclusion and Objections. The Court will rule upon the motion at the Fairness Hearing. As set forth in the Settlement Agreement, all such awards shall be paid only from the Settlement Amount.

14.    Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement, the proposed Attorney's Fee and Expense Award, and/or the proposed Service Awards, must deliver to Matthew D. Berkowitz, Carr Maloney P.C. as counsel for Defendant, and to Thomas A. Zimmerman, Jr., Zimmerman Law Offices, P.C. for Class Counsel, and file with the Court, a written statement of the objections, as well as the specific reasons for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence or other information the Settlement Class Member believes supports the objections.  Any Settlement Class Member who objects must set forth their full name and current address, include a statement that they are a Settlement Class Member, state the date(s) on which they took the RVT exam(s) and received a false failing score, state and explain the basis for their objection, state whether they intend to appear at the Fairness Hearing with or without counsel, and personally sign the objection. If the Settlement Class Member is represented by counsel, the objection shall be filed through the Court's ECF system; otherwise, the objection shall be filed and served by mail, hand, or overnight delivery service. All objections must be filed with the Court and delivered to Counsel for Defendant and Class Counsel not later than February 4, 2018.  Objections must be delivered to the Court, Class Counsel, and Defendant's Counsel at the addresses listed below:

Court:

Clerk of the Court
U.S. District Court for the Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue

Cleveland, Ohio 44113

<u>Class Counsel</u>:

Thomas A. Zimmerman, Jr.
Zimmerman Law Office, P.C.
77 W. Washington St., Suite 1220
Chicago, IL 60602

<u>Defendants' Counsel</u>:

Matthew D. Berkowitz
Carr Maloney P.C.
2020 K Street, NW, Suite 850
Washington, DC 20006

No person will be entitled to be heard at the Fairness Hearing, and no written objections will be received or considered by this Court at the Fairness Hearing, unless all pertinent terms and conditions set forth above and in the Settlement Class Notice have been fully met.  If an objection is overruled, the objecting Settlement Class Member will be bound by the terms of the Settlement and may not exclude him/herself later. Any person who elects to opt out of the Settlement Class shall not be bound by any orders, including, but not limited to, any final order approving the Settlement, entered in this Action, not be entitled to relief under the Settlement Agreement, not gain any rights by virtue of the Settlement Agreement, and not be entitled to object to any aspect of the Settlement Agreement.  No person may opt out of the Settlement Class through a so-called "mass" or "class" opt-out.

15.     Any Settlement Class Member who wishes to be excluded from the Settlement must fully comply with all pertinent terms and conditions set forth in the Settlement Class Notice. All Requests for Exclusion must be postmarked no later than February 4, 2018. Settlement Class Members who submit a timely and valid Request for Exclusion will have no rights under the Settlement Agreement, will not share in the distribution of the Net Settlement

Amount, and will not be bound by the Settlement Agreement. Any Settlement Class Member who does not submit a timely and valid Request for Exclusion shall be bound by all terms of the Settlement Agreement and any final order approving the Settlement.

16.     No later than 14 days after the deadline for submission of Requests for Exclusions and Objections, the Settlement Administrator shall provide a declaration to Class Counsel and Defendant's counsel attesting to the measures taken to provide the Class Notice to the Settlement Class Members and the number of requests for exclusion, if any.  No later than 14 days after the deadline for Settlement Class Members to submit a Claim Form, the Settlement Administrator shall provide a declaration to Class Counsel and Defendant's counsel attesting to the number of Claim Forms received and the claimant and payment information for all claims to be paid and disallowed.

17.     In the event this Court does not finally approve the Settlement Agreement, any and all rights of the Parties existing prior to the execution of the Settlement Agreement, including but not limited to Plaintiffs' right to seek and Defendant's right to oppose certification of one or more Plaintiff classes in the Action, shall be preserved, and the Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In such event, none of the terms of the Settlement Agreement or the Parties' prior Memorandum of Understanding, as defined in the Settlement Agreement, shall be admissible in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination. The portion of the Settlement Amount transferred to the Settlement Administrator shall be returned to Defendant, less notice and administrative expenses actually incurred by the Settlement Administrator (as to which Defendant shall have no right of reimbursement from any person, including the Settlement Administrator, Plaintiffs, or Plaintiffs'

Counsel). If the portion of the Settlement Amount transferred to the Settlement Administrator is not sufficient to pay all of the notice and administrative expenses incurred by the Settlement Administrator, Defendant shall separately pay to the Settlement Administrator any additional amounts owing at the time of termination.

18.     For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, this Court retains continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

19.     The Parties are directed to carry out their obligations under the Settlement Agreement.

## Summary of Applicable Dates

| | | |
|---|---|---|
| 1. | Preliminary Approval Order (PA) entered | November 21, 2017 |
| 2. | Defendants to pay $100,000.00 of the Settlement Amount to the Settlement Administrator | December 11, 2017 (PA +20) |
| 3. | Notice to be sent and Settlement Website to be activated (ND) | December 21, 2017 (PA +30) |
| 4. | Motion for Award of Attorney's Fees and Expenses and for Service Awards to be filed | January 21, 2018 (OD -14) |
| 5. | Deadline to Opt Out or Object (OD) | February 4, 2018 (ND +45) |
| 6. | Deadline for Settlement Administrator to Submit Compliance Declaration re: Notice and Opt-Outs | February 18, 2018 (OD +14) |
| 7. | Deadline to submit a Claim Form (CD) | March 1, 2018 (ND +70) |
| 8. | Deadline for Settlement Administrator to Submit Compliance Declaration re: Claims | March 15, 2018 (CD +14) |
| 9. | Fairness Hearing (FH) | March 22, 2018 (PA +121) |

**SO ORDERED.**

Dated: _11/21/2017_____          _____

Hon. Dan Aaron Polster
United States District Court Judge