# UNITED STATES DISTRICT COURT FOR
# NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| **STEPHANIE MILLER**, et al., individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **INTELEOS, INC.,** an Ohio corporation, f/k/a the **AMERICAN REGISTRY OF DIAGNOSTIC MEDICAL SONOGRAPHY, INC.** <br><br> Defendant. | Case No. 1:17-cv-00763-DAP <br><br> Hon. Dan A. Poster <br><br> Magistrate Judge David. A. Ruiz <br><br><br><br> **DECLARATION OF THOMAS A. ZIMMERMAN, JR., IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS** |

I, Thomas A. Zimmerman, Jr., hereby declare as follows:

1. I have personal knowledge of the facts stated in this Declaration and, if called to testify, I could and would testify to the matters stated herein.

2. I am the owner of Zimmerman Law Offices, P.C. ("ZLO"), and serve as one of the co-counsel for the Plaintiffs in this matter. I have been admitted *pro hac vice* in this action. I serve as one of Class Counsel appointed by the Court. *See* Preliminary Approval Order, Doc. 27, at ¶ 6.

3. I make this Declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Expenses, and Service Awards.

### Background and Experience of Thomas A. Zimmerman, Jr.

4. I am an attorney with extensive experience representing consumers in class actions and unfair business practices litigation. I have particular expertise in handling class actions, such

as the present case, in which consumers have been subjected to systematic business practices. To demonstrate my qualifications to represent the proposed Settlement Class in this action and the basis for my recommendation that the Court grant final approval of the proposed class action settlement reached in this case, I will summarize my background and qualifications. I also refer the Court to the ZLO Firm Resume, which was Exhibit C to the Preliminary Approval Motion. *See* Doc. 26-3.

5. I received my Bachelor of Science Degree from the University of Illinois and my M.B.A. in Finance from DePaul University. I earned my law degree from the Chicago-Kent College of Law, where I was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

6. I am a member in good standing of the Illinois State Bar and the bar of the United States District Court for the Northern District of Illinois. I am also admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Seventh Circuit, and various other federal courts of appeals and federal district courts. Beyond this case, I have also been admitted *pro hac vice* and have appeared before trial courts in a number of different federal and state jurisdictions.

7. I have been a litigator for over 21 years and I practice extensively and have obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, general civil, product liability, toxic tort, and other complex litigation. I represent both plaintiffs and defendants nationwide in state and federal trial and appellate courts. I also represent individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

2

8. I have been lead counsel in national and state-wide class action litigation, and have handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, Commonwealth Edison, Ameritech, and Bridgestone/Firestone. I also represent physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

9. In 2017 and 2018, I was selected as a *Super Lawyer* in the area of class action and mass torts.

10. In 2000, I was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as I was chosen out of 60,000 attorneys in Illinois under the age of forty.

11. In 2003, the Illinois Supreme Court appointed me to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). I served in that capacity until 2011, wherein I presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC appointed me as Special Counsel, wherein I conduct independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

12. Additionally, the Illinois Governor appointed me to the Illinois Courts Commission. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct.

13. I have served as class counsel or on the plaintiffs' executive committee in dozens of nationwide and statewide class actions, including but not limited to the following actions:

- *Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, Ill.).

- *Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, Ill.).

- *Defective Vehicles* — $35 million in monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. Cal.).

- *Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, Ill.).

- *Misleading Product Claims* — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. *Bergman, et al. v. DAP Products, Inc., et al.*, No. 14 cv 3205 (D. Md.).

- *Fraud / Data Breach* — $11.2 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an internet service provider, and who also paid money to that provider based on misrepresentations. *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. Mo.).

- *Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook Cnty, Ill.).

- *Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty, Ill.).

- *Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook Cnty, Ill.).

- *Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, Ill.).

- *Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, Ill.).

- *Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

- *Misleading Product Labeling* — $1.5 million recovery for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product. *In re Honest Company Sodium Lauryl Sulfate (SLS) Marketing and Sales Practices Litigation*, MDL No. 2719 (C.D. Cal.).

- *Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. Ill.).

- *Environmental Contamination* — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. Ill.).

- *School Misrepresenting Accreditation* — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, Ill.).

- *Privacy Violation* — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. Ill.).

14. As demonstrated in numerous earlier consumer class cases, my firm and I have litigated numerous class actions and we have the requisite experience to handle the representative claims asserted in this action through trial and appeal.

15. Because of my experience and the experience of the other attorneys in my firm, we know of the legal and practical challenges associated with the prosecution of consumer class claims.

### Plaintiffs' Counsel Performed Significant Work in this Case

16. Plaintiffs brought this action, individually and on behalf of a nationwide Class of similarly situated individuals who passed ARDMS's Exam, but were erroneously told by ARDMS that they failed the exam (a "False Fail"). Plaintiffs sought relief for breach of contract, negligence, violations of the Maryland Consumer Protection Act (MD Code, Commercial Law, §13-301 *et seq.*), violations of the Ohio Consumer Sales Practices Act (R.C. §1345.01 *et seq.*), violations of the Ohio Deceptive Trade Practices Act (R.C. §4165.01), and for unjust enrichment. (Doc. 1). Plaintiffs sought actual and consequential damages, including the cost of the exam, the cost of study materials, travel expenses, lost wages, lost employment opportunities; non-economic damages for emotional distress, aggravation, and embarrassment; treble damages under the Ohio Consumer Sales Practices Act; punitive damages; and attorneys' fees. *Id.*

17. On April 27, 2017, Plaintiffs filed an *Ex Parte Motion for Temporary Restraining Order* (Doc. 7) and *Motion for Preliminary Injunction* (Doc. 8), seeking to bar ARDMS from sending putative Class members communications in the form of a settlement check, along with a letter asserting that cashing the check releases all their claims. Plaintiffs alleged that the communications were misleading and contained inaccurate information as to all of the potential relief available to Class members. The Court denied Plaintiffs' motions. (Doc. 11 and 21).

However, the Court directed that "any future blanket written communications to putative class members shall be drafted jointly." (Doc. 21 at p. 2). The Parties then agreed to let the process with the letters that were already sent by Defendant continue for approximately 60 days. *Id.*

18. On July 13, 2017, the Court held a case management conference and set the matter for mediation. In preparation for that mediation, the Parties engaged in preliminary settlement discussions, which included detailed analysis of the various types of financial damages sustained by Class Members. Plaintiffs created a damage analysis spreadsheet, and Plaintiffs provided Defendant with a Settlement demand. Defendant responded, and the Parties filed a joint settlement report with the Court. The mediation conference was held with the Honorable Dan Aaron Polster on September 28, 2017, and the Court successfully mediated a settlement. Thereafter, Plaintiffs' counsel drafted a settlement agreement and exhibits thereto, including email and postcard notices for members of both Subclass 1 and Subclass 2, and a detailed notice. After further back and forth with counsel for ARDMS, Plaintiffs' counsel finalized the settlement agreement and the exhibits thereto. Plaintiffs' counsel then researched and drafted a motion for preliminary approval of the proposed class settlement.

19. The common settlement fund for Class relief is the result of Plaintiffs' and Class Counsel's vigorous prosecution of this case. Throughout the entire case, Class Counsel has communicated with Settlement Class members, including responding to dozens of calls and emails inquiring about the status of the case, and the settlement claims process.

20. The total number of hours spent on this litigation by my firm in prosecuting and settling this case is 370.9, summarized below.

7

**ZLO Lodestar Summary**
**Inception through January 22, 2018**

| ZLO Personnel | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Thomas A. Zimmerman, Jr. | Owner (over 21 Years of Practice) | $605.00 | 138.6 | $83,853.00 |
| Sharon A. Harris | Attorney (over 19 Years of Practice) | $605.00 | 105.3 | $63,706.50 |
| Nickolas J. Hagman | Attorney (over 4 Years of Practice) | $395.00 | 5.8 | $2,291.00 |
| Matthew C. De Re | Attorney (over 3 Years of Practice) | $325.00 | 1.6 | $520.00 |
| Maebetty Kirby | Attorney (over 2 Years of Practice) | $325.00 | 105.1 | $34,157.50 |
| Various Paralegals | Paralegal | $180.00 | 14.5 | $2,610.00 |
| **TOTAL** | | | **370.9** | **$187,138.00** |

21. We have further categorized ZLO time spent in this matter in accordance with the ABA's Uniform Task Codes. The tasks performed by my firm, the hours incurred in performing those tasks, and the corresponding time charges are broken down as follows:

|  | Task | Hours | Lodestar |
|---|---|---|---|
|  | **Case Assessment, Development and Administration** |  |  |
| L110 | Fact Investigation/Development | 30.9 | $16,063.00 |
| L120 | Analysis/Strategy | 19.2 | $11,343.00 |
| L140 | Document/File Management | 9.6 | $2,946.50 |
| L160 | Settlement/Non-Binding ADR | 74.1 | $36,190.50 |
|  | **Pre-Trial Pleadings and Motions** |  |  |
| L210 | Pleadings | 28.8 | $13,420.00 |
| L220 | Preliminary Injunctions/Provisional Remedies | 46.6 | $24,967.00 |
| L230 | Court Mandated Conferences (including travel to Ohio) | 34.8 | $21,054.00 |
| L260 | Class Action Certification and Notice | 15.9 | $7,109.00 |
|  | **Discovery** |  |  |
| L310 | Written Discovery | 1.9 | $1,149.50 |
| L320 | Document Production | 8.6 | $4,268.00 |

|      | **Activities**                                    |       |              |
| ---- | ------------------------------------------------- | ----- | ------------ |
| A101 | Plan and Prepare (for Court Hearings)             | 16.2  | $9,717.00    |
| A102 | Research (Legal)                                  | 45.1  | $17,457.50   |
| A105 | Communications (within firm)                      | 4.2   | $2,310.00    |
| A106 | Communications (with clients)                     | 26.3  | $13,879.50   |
| A107 | Communications (with other Plaintiffs' counsel)   | 8.7   | $5,263.50    |
|      | **TOTAL**                                         | **370.9** | **$187,138.00** |

22. In my experience, this time was reasonably and justifiably incurred. The total submitted lodestar amount based on ZLO's current hourly rates is $187,138.00.

23. The hourly rates of ZLO, as set forth in the Lodestar Summary above, are reasonable, appropriate and consistent with the rates currently charged for legal services in similar complex class action litigation such as this one. These current hourly rates have been accepted by state and federal courts for purposes of lodestar determinations and for purposes of lodestar cross-checks in other recent class action cases.

24. ZLO's hourly rates, as set forth in the Lodestar Summary above, are reasonable, appropriate and consistent with the rates currently charged for legal services in similar complex class action litigation such as this one. ZLO's current hourly rates have been accepted by state and federal courts for purposes of lodestar determinations and for purposes of lodestar cross-checks in other recent class action cases.

25.     For example, my current hourly rate of $605 was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2017 in *Ocasio v. First Financial Investment Fund V, LLC, et al.*, N.D. Ill. Case No. 15 cv 10167 (Dkt. 85); in 2016 in *Campos, et al. v. KCBX Terminals, et al.,* N.D. Ill. Case No. 13 cv 8376 (Dkt. 239), and *Aliano v. Proximo Spirits, Inc.*, Cook Cnty. Cir. Ct. Case No. 14 CH 17429; and in 2015 in *Aliano v. Templeton Rye Spirits, LLC*, Cook Cnty. Cir. Ct. Case No. 14 CH 15667.

26.     My previous rate of $595 per hour was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2016 in *Bergman v. DAP Products, Inc.*, D. Md. Case No. 14 cv 3205 (Dkt. 64); *Aliano v. Airgas USA, LLC*, Cook Cnty. Cir. Ct. Case No. 14 CH 20024; and in 2015 in *Papeck v. New York Jewelers, Inc.,* Cook Cnty. Cir. Ct. Case No. 09 CH 31995, and *Yi v. T.N. Donnelly & Co.*, Cook Cnty. Cir. Ct. Case No. 09 CH 31997.

27.     With more than 19 years of experience, Sharon Harris has similar years of experience as me, and the court should likewise accept her current hourly rate of $605. For example, Ms. Harris's hourly rate of $605 was accepted by the court for purposes of a lodestar determination in 2017 in *Ocasio v. First Financial Investment Fund V, LLC, et al.*, N.D. Ill. Case No. 15 cv 10167 (Dkt. 85). Her previous rate of $525 per hour was accepted by the court for purposes of a lodestar determination in 2015 in *In re Sony Gaming Networks and Customer Data Breach Litigation*, S.D. of Cal. Case No. 3:11-md-2258-AJB (Dkt. 204-1, 204-5, 211).

28.     Nick Hagman's current hourly rate of $395 was accepted by the court for purposes of a lodestar determination in 2017 in *Ocasio v. First Financial Investment Fund V, LLC, et al.*, N.D. Ill. Case No. 15 cv 10167 (Dkt. 85). His previous rate of $325 per hour was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2016 in *Campos, et al.*

*v. KCBX Terminals, et al.,* N.D. Ill. Case No. 13 cv 8376 (Dkt. 239), *Bergman v. DAP Products, Inc.*, D. Md. Case No. 14 cv 3205 (Dkt. 64), and *Aliano v. Proximo Spirits, Inc.*, Cook Cnty. Cir. Ct. Case No. 14 CH 17429; and in 2015 in *Aliano v. Templeton Rye Spirits, LLC*, Cook Cnty. Cir. Ct. Case No. 14 CH 15667, *Papeck v. New York Jewelers, Inc.,* Cook Cnty. Cir. Ct. Case No. 09 CH 31995, *Aliano v. Airgas USA, LLC*, Cook Cnty. Cir. Ct. Case No. 14 CH 20024, and *Yi v. T.N. Donnelly & Co.*, Cook Cnty. Cir. Ct. Case No. 09 CH 31997.

29. Matt De Re's current hourly rate of $325 was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2017 in *Ocasio v. First Financial Investment Fund V, LLC, et al.*, N.D. Ill. Case No. 15 cv 10167 (Dkt. 85); in 2016 in *Campos, et al. v. KCBX Terminals, et al.,* N.D. Ill. Case No. 13 cv 8376 (Dkt. 239), *Bergman v. DAP Products, Inc.*, D. Md. Case No. 14 cv 3205 (Dkt. 64), and *Aliano v. Proximo Spirits, Inc.*, Cook Cnty. Cir. Ct. Case No. 14 CH 17429; and in 2015 in *Aliano v. Templeton Rye Spirits, LLC*, Cook Cnty. Cir. Ct. Case No. 14 CH 15667, *Papeck v. New York Jewelers, Inc.,* Cook Cnty. Cir. Ct. Case No. 09 CH 31995, *Aliano v. Airgas USA, LLC*, Cook Cnty. Cir. Ct. Case No. 14 CH 20024, and *Yi v. T.N. Donnelly & Co.*, Cook Cnty. Cir. Ct. Case No. 09 CH 31997.

30. Maebetty Kirby's current hourly rate of $325 was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2017 in *Ocasio v. First Financial Investment Fund V, LLC, et al.*, N.D. Ill. Case No. 15 cv 10167 (Dkt. 85); and in 2016 in *Campos, et al. v. KCBX Terminals, et al.,* N.D. Ill. Case No. 13 cv 8376 (Dkt. 239).

31. ZLO's current paralegal hourly rate of $180 was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in 2017 in *Ocasio v. First Financial Investment Fund V, LLC, et al.*, N.D. Ill. Case No. 15 cv 10167 (Dkt. 85); in 2016 in *Campos, et*

*al. v. KCBX Terminals, et al.,* N.D. Ill. Case No. 13 cv 8376 (Dkt. 239), and *Aliano v. Proximo Spirits, Inc.*, Cook Cnty. Cir. Ct. Case No. 14 CH 17429; and in <u>2015</u> in *Aliano v. Templeton Rye Spirits, LLC*, Cook Cnty. Cir. Ct. Case No. 14 CH 15667. ZLO's previous paralegal rate of $175 per hour was accepted by courts for purposes of lodestar determinations or lodestar cross-checks in <u>2015</u> in *Papeck v. New York Jewelers, Inc.,* Cook Cnty. Cir. Ct. Case No. 09 CH 31995, *Aliano v. Airgas USA, LLC*, Cook Cnty. Cir. Ct. Case No. 14 CH 20024, and *Yi v. T.N. Donnelly & Co.*, Cook Cnty. Cir. Ct. Case No. 09 CH 31997.

32.  Class Counsel will continue to expend many more hours (and additional expense) on behalf of the Class, which is not included in the current lodestar and for which we will not receive additional compensation under the Settlement Agreement. Class Counsel must engage in post-approval work, such as assisting with claims administration, communicating with Class members, and addressing any claims dispute, appeal, or other issue that may arise in effectuating the Settlement. This future work is substantial and could potentially last for years.

33.  To date, ZLO has incurred a total of $3,595.61 in expenses in connection with the prosecution of this case. Those expenses and charges are summarized below:

**ZLO Expense Summary**
**Inception through January 22, 2018**

| Category | Total |
|---|---|
| Out-of-town travel (for court appearances) | $1,522.86 |
| Postage | $29.09 |

| | |
|---|---:|
| Meals | $86.20 |
| Local Travel | $207.06 |
| Internal Copies (3,127 copies at $0.20 per page) | $625.40 |
| Other Professionals (BusinessWire) | $1,125.00 |
| **TOTAL** | **$3,595.61** |

34. *Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Expenses, and Service Awards*, along with the supporting declarations, will be available on the Settlement Website for Settlement Class Members to access and review prior to the deadline for Requests for Exclusion and Objections.

## **Risk Involved**

35. Class Counsel undertook this case on a contingent-fee basis, assuming significant risk that the case would yield no recovery and would leave my firm uncompensated. From the outset of the class action proceedings in this matter, Class Counsel has not been compensated for any time spent representing Plaintiffs or Class Members in the litigation. ZLO has paid the foregoing unreimbursed expenses out of its own pockets with no assurance of recovery.

36. When Class Counsel first took on this case, we understood that, as putative class counsel, we were embarking on complex and expensive litigation with no guarantee of ever being compensated for the investment of the time and money the case would require. In undertaking the responsibility of representing the proposed Class, Class Counsel was obliged to ensure that

14

sufficient resources were dedicated to the prosecution of the Class claims and that funds were available to cover the costs that such a case as this requires.

37. This case presented many substantial risks and uncertainties that could have prevented any recovery whatsoever. Despite the most vigorous and competent of efforts, success in this contingent-fee litigation was never assured.

38. For example, ARDMS asserted 25 affirmative defenses to the Class Action Complaint. *See* Doc. 14, *Defendant's Answer to Class Action Complaint*, pgs. 16-20. ARDMS also vigorously opposed Plaintiffs' motion for class certification, arguing that none of the prerequisites for class certification were satisfied. *See* Doc. 17, *Defendant's Opposition to Motion for Class Certification*. Thus, there was a risk that class certification would not be granted.

39. With respect to Affected Exam Takers who did not request additional compensation from ARDMS and cashed the Initial Check that was sent to them by ARDMS (Subclass 2 members), ARDMS argued that Affected Exam Takers had been explicitly advised that, by cashing the check, the putative class member would release all of his or her claims against ARDMS. *See* Doc. 18, *Defendant's Opposition to Motion for Preliminary Injunction*. Thus, there was substantial risk that a subclass comprised of those Affected Exam Takers would not be certified.

40. As a result of our extensive and persistent efforts in the face of substantial risks, I and my co-counsel achieved a significant recovery for the benefit of the Settlement Class.

**Plaintiffs' Counsel Seek a Fee Award of 33.33% of the Common Fund**

41. Class Counsel make a 33.33% fee request, which is reasonable in light of fee awards in consumer class action cases in this Circuit. *See*, e.g., *Mees v. Skreened, Ltd.*, 2016 WL

15

67521 (S.D. Ohio, January 6, 2016) (approving an award of attorney's fees of one-third of the settlement amount); *In re Prandin Direct Purchaser Antitrust Litigation*, 2015 WL 1396473 (E.D. Mich. 2015) (approving an award of attorney's fees of one-third of the settlement amount); *In re Southeastern Milk Antitrust Litigation*, 2013 WL 2155387 (E.D. Tenn. 2013) (approving an award of attorney's fees of one-third of the settlement amount); *Bessey v. Packerland Plainwell, Inc.*, 2007 WL 3173972 (W.D. Mich. Oct. 26, 2007) (approving an award of attorney's fees of one-third of the settlement amount).

42. The 33.33% fee request is especially reasonable in light of the fact that it results in a negative multiplier to Class Counsel's total lodestar.

43. As such, one-third is a reasonable percentage of the common fund to be awarded as Class Counsel's fee in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 22nd day of January 2018, at Chicago, Illinois.

/s/ *Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.