## UNITED STATES DISTRICT COURT FOR
## NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE MILLER**, et al., individually, and on behalf of all others similarly situated, | ) ) ) ) | **Case No. 1:17-cv-00763-DAP** |
| | ) ) | Hon. Dan A. Poster |
| | ) ) | Magistrate Judge David. A. Ruiz |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| | ) ) | **DECLARATION OF MARC E. DANN IN** |
| **INTELEOS, INC.,** an Ohio corporation, f/k/a the **AMERICAN REGISTRY OF DIAGNOSTIC MEDICAL SONOGRAPHY, INC.** | ) ) ) ) ) | **SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS** |
| | ) ) | |
| Defendant. | ) ) ) | |

Marc E. Dann hereby declares:

1.      I have personal knowledge of the facts stated in this Declaration and, if called to testify, I could and would testify to the matters stated herein.

2.      I am the managing partner of THE DANN LAW FIRM CO., LPA ("DannLaw"). I serve as one of Class Counsel appointed by the Court. *See* Preliminary Approval Order, Doc. 27, at ¶ 6.

3.       I make this Declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Expenses, and Service Awards.

<u>**Brief Summary of the Nature of the Case and Its Resolution**</u>

4.      A detailed statement of the nature of the litigation, the procedural history of the case and settlement are set forth in *Representative Plaintiffs' Amended Motion for Preliminary*

*Approval of Class Action Settlement Agreement, and Memorandum of Points and Authorities In Support of Their Motion*. *See* Doc. 26. To summarize briefly, Plaintiffs brought this action against Defendant Inteleos, Inc., f/k/a the American Registry of Diagnostic Medical Sonography ("ARDMS") alleging that ARDMS failed to properly administer and score the Registered Vascular Technology examination, which is required to earn the Registered Vascular Technologist credential (the "Exam").  The Exam is widely used as a means to test an individual's competency in the field of sonography, and ARDMS has administered the Exam to sonographers, including Plaintiffs, throughout the United States.  However, from September 6, 2016 to March 14, 2017 (the "Class Period"), ARDMS improperly scored individuals' results of the Exam, and ARDMS falsely reported that Plaintiffs and other sonographers *failed* the Exam when, in fact, they had actually *passed* the Exam.

5.      The negligence of ARDMS led to misrepresentations that were actionable under various state common law and statutory unfair and deceptive trade practices statutes.  ARDMS's conduct directly and proximately caused test takers to suffer from a wide range of damages.  During our investigation of the claims, we found evidence that members of the putative class had been terminated from their employment, had been denied raises that would have been awarded had the test results been reported accurately, incurred expenses directly related to having to retake the Exam—including registration fees, study materials, time off from work, travel and hotel expenses, and day care, and incurred several other damages as a result of ARDMS's conduct.

6.      Sonographers who were falsely told they failed the Exam also suffered a significant blow to their self-esteem and reputation, and suffered emotional distress and anxiety about their vocational future.

2

7.     Through the efforts of Plaintiffs and Class Counsel, the parties reached a Settlement Agreement that created a $572,641.00 non-reversionary common fund for the benefit of a Settlement Class comprised of Subclass 1 Members and Subclass 2 Members.  *See* Doc. 26.

## Background and Experience of Marc E. Dann

8.     I am an attorney with extensive experience representing consumers in class actions and unfair business practices litigation. I have particular expertise in handling consumer matters. My firm has prosecuted more than 500 consumer litigation matters since 2008, including those such as the present case, in which consumers have been subjected to systematic allegedly unfair and deceptive business practices. To demonstrate my qualifications to represent the proposed Settlement Class in this action and the basis for my recommendation that the Court grant final approval of the proposed class action settlement reached in this case, I will summarize my background and qualifications. I also refer the Court to the DannLaw Firm Resume, which was Exhibit B to the Preliminary Approval Motion. *See* Doc. 26-2.

9.     I received my A.B in History degree from the University of Michigan in 1984. I earned my law degree from Case Western Reserve University School of Law in 1987.

10.     I am a member in good standing of the Ohio Bar and the bar of the United States District Court for the Northern District of Ohio. I am also admitted to practice the United States Court of Appeals for the Sixth Circuit, the District Courts for the Southern District of Ohio and Northern District of Illinois.  Beyond this case, I have also been admitted *pro hac vice* and have appeared before trial courts in a number of different federal and state jurisdictions.

11.     I have been a litigator for over 25 years and I practice extensively and have obtained jury verdicts in criminal, corporate, commercial, consumer fraud, general civil, and other

complex litigation. I represent both plaintiffs and defendants nationwide in state and federal trial and appellate courts. I have also represented over 1000 defendants in foreclosure cases in Ohio.

12.    In 2006, I was elected the 47th Attorney General of the State of Ohio and served in that position until May 15, 2008. As Attorney General, I was the chief legal officer for the State of Ohio. In that capacity, I oversaw major securities fraud class action cases in which the state of Ohio was the lead plaintiff, including against Fannie Mae, Freddie Mac, Merrill Lynch, and others. I also oversaw multistate consumer litigation against companies such as Sherwin Williams, Perdue Pharmaceuticals, Moody's, Standard & Poor's, and Fitch.

13.    I have argued five cases before the Ohio Supreme Court and four cases before the Sixth Circuit Court of Appeals, as well as dozens of state appellate court arguments.

14.    I have been lead counsel in national and state-wide class action litigation, and have handled other multi-party litigation involving such companies as Whole Foods, Sonic, Wells Fargo, Bank of America, Lerner Sampson and Rothfuss, Equifax, Experian, Alteryx, and Nationstar.

15.    I have served as class counsel or represented plaintiffs' in various capacities in both nationwide and statewide class actions, including but not limited to the following actions:

- *PERS v. Merrill Lynch,* case number 08 CV 10841, in the Southern District of New York, which I initiated as Attorney General for the State of Ohio. (Ohio was the lead Plaintiff).

- Co-Lead Counsel in the matter of *Lieber v. Wells Fargo*, case number 16 cv 02868 in the Northern District of Ohio.

4

- Interim Liaison Counsel *In. Re Sonic Data Breach, MDL 2807,* in the Northern District of Ohio.

- Co-Lead Counsel in the matter of *Banus v. Whole Foods,* case number 1:17-cv-02132 in the Northern District of Ohio (Application Pending).

- Published the following Opinion**,** in the matter of, *Turner v. Lerner*, *Sampson & Rothfuss*, case number 11 CV 0005, 776 F.Supp.2d 498**,** in the Northern District of Ohio.

- Lead Counsel in the matter of *Vuyanich v. Jones & Associate,* case number CV-16-862262 in the Cuyahoga County Common Pleas Court.

**Plaintiffs' Counsel Performed Significant Work in this Case**

16.     As set forth in detail in the Declaration of Thomas A. Zimmerman, Jr., Plaintiffs' Counsel performed significant work in this case.  The common settlement fund for Class relief is the result of Plaintiffs' and Class Counsel's vigorous prosecution of this case. Throughout the entire case, Class Counsel has communicated with Settlement Class members, including responding to dozens of calls and emails inquiring about the status of the case, and the settlement claims process.

17.     The total number of hours spent on this litigation by my firm in prosecuting and settling this case is 206.65, summarized below.

**Lodestar Summary**

| DannLaw Personnel | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Marc Dann | Partner (over 31 Years of Practice) | $450.00 | 112.02 | $50,409.00 |

5

| Rusty Payton | Partner (over 29 Years of Practice) | $425.00 | 31.2 | $13,260.00 |
|---|---|---|---|---|
| William Behrens | Associate (over 2 Years of Practice) | $325.00 | 43.2 | $14,040.00 |
| Chelsea Lynn | Paralegal (12 Years of Practice) | $250.00 | 1.16 | $290.00 |
| Sarah Twyford & Linnea Pedelty | Paralegal (Over 25 Years of Practice) (Over 22 Years of Practice) | $200.00 | 12.17 | $2,434.00 |
| Sarah Wilk & Brittany May | Paralegal (2 years of practice) (4 years of practice) | $175.00 | 6.9 | 1,207.50 |
| **TOTAL** | | | **206.65** | **$81,640.50** |

18.    We have further categorized DannLaw time spent in this matter in accordance with the ABA's Uniform Task Codes. The tasks performed by my firm, the hours incurred in performing those tasks, and the corresponding time charges are broken down as follows:

6

|  |  | Task | Hours | Lodestar |
|---|---|---|---|---|
|  |  | Case Assessment, Development and Administration |  |  |
| L110 | Fact Investigation/Development | | 22.45 | $8,520.00 |
| L120 | Analysis/Strategy | | 16 | $7,015.00 |
| L140 | Document/File Management | | 8.15 | $1,572.50 |
| L160 | Settlement/Non-Binding ADR | | 28.88 | $12,528.25 |
| L190 | Other Case Assessment, Development and Administration | | 1.4 | $630.00 |
|  |  | Pre-Trial Pleadings and Motions |  |  |
| L210 | Pleadings | | 46.42 | $19,464.50 |
| L220 | Preliminary Injunctions/Provisional Remedies | | 10 | $4,335.00 |
| L230 | Court Mandated Conferences | | 18.3 | $7,547.50 |
| L250 | Other Written Motions and Submissions | | 6.2 | $2,690.00 |
| L260 | Class Action Certification and Notice | | 2.87 | $1,291.50 |
|  |  | Activities |  |  |
| A103 | Draft/revise | | .7 | $315.00 |
| A104 | Review/analyze | | 2.8 | $1,172.50 |

| A105 | Communications (within firm) | 6.05 | $1,715.00 |
|---|---|---|---|
| A106 | Communications (with clients) | 15.85 | $5,413.75 |
| A107 | Communications (with other Plaintiffs' counsel) | 12.89 | $5,308.00 |
| A108 | Communicate (other external) | 4.52 | $1,546.50 |
| A110 | Manage Data/files | 3.17 | $572.75 |
| | **TOTAL** | **206.65** | **$81,640.50** |

19.     In my experience, this time was reasonably and justifiably incurred. The total submitted lodestar amount based on DannLaw's current hourly rates is $81,640.50.

20.     The hourly rates of DannLaw, as set forth in the Lodestar Summary above, are reasonable, appropriate and consistent with the rates currently charged for legal services in similar complex class action litigation such as this one. These current hourly rates have been accepted by state and federal courts for purposes of lodestar determinations and for purposes of lodestar cross-checks in other recent class action cases.

21.     My current rate is $450.00/hour.

22.     The current rate for Attorney Rusty Payton is $425.00/hour.

23.     The current rate for Attorney William Behren is $325.00/hour

24.     The hourly rate for the Paralegals' at DannLaw are as follows:

- Chelsea Lynn- $250.00/hour

- Sarah Twyford and Linnea Pedelty- $200.00/hour

8

- Brittany May and Sarah Wilk- $175.00/hour

25.     Class Counsel will continue to expend many more hours (and additional expense) on behalf of the Class, which is not included in the current lodestar and for which we will not receive additional compensation under the Settlement Agreement. Class Counsel must engage in post-approval work, such as assisting with claims administration, communicating with Class members, and addressing any claims dispute, appeal, or other issue that may arise in effectuating the Settlement. This future work is substantial and could potentially last for years.

26.     To date, DannLaw has incurred a total of $682.23 in expenses in connection with the prosecution of this case.  Those expenses and charges are summarized below:

**Expense Summary**

**Inception through January 18, 2018**

| Category | Total |
|---|---|
| Court Fees (Filing costs, etc.) | $520.00 |
| Out-of-town travel (for depositions and court appearances) | $20.00 |
| Postage | $142.23 |
| **TOTAL** | **$682.23** |

27.     *Plaintiffs' Motion for an Award of Attorneys' Fees, Litigation Expenses, and Service Awards*, along with the supporting declarations, will be available on the Settlement

Website for Settlement Class Members to access and review prior to the deadline for Requests for Exclusion and Objections.

**Service Awards for Plaintiffs Stephanie Miller and Mary Alyce Dawson**

28.     I also submit this Declaration in support of a service award for each of the two Class Representatives.  The Court may, in appropriate circumstances, approve the payment of service awards to the class representatives in recognition of their work done on behalf of the class. *In re: Whirlpool Corp. Front–loading Washer Prod. Liab. Litig.*, 2016 WL 5338012, at *24 (N.D. Ohio Sept. 23, 2016) (collecting cases).

29.     Class Representatives Stephanie Miller ("Miller") and Mary Alyce Dawson ("Dawson") were integral to the development of Plaintiffs' theory in this case.

30.     Miller and Dawson each spent several hours in phone calls and meetings with Class Counsel, explaining the nature of the Ultrasound profession, the role ARDMS plays within that profession, the role ARDMS' accreditation plays within the profession, the testing methodology and scoring (as they understood it) employed by ARDMS, and the impact that the scoring errors had upon all Class members.

31.     Miller and Dawson were willing to accept the potential reputational risk and to commit the time necessary to participate in litigation against the principal accrediting body for their profession, not only for their own benefit, but also for the benefit of all Class members.

32.     Miller was the original Plaintiff in this matter.  Miller sought out Class Counsel and discussed the merits of the case with Class Counsel. Miller provided invaluable guidance to Class Counsel throughout the litigation. Miller also introduced Dawson to Class Counsel.

33.     Dawson attended both the initial conference and the mediation, taking time off from work on both days.  Dawson's input on behalf of all Class members was particularly helpful during mediation, when Dawson had the opportunity to speak directly with ARDMS's representatives.

34.     There was no *ex ante* agreement between Representative Plaintiffs and Plaintiffs' Counsel regarding the proposed service awards.

35.     Both Class Representatives strongly advocated for the interests of the entire Class, and the payment of a service award is not conditioned upon either Class Representative supporting the settlement.  They each have elected to support the settlement because they feel that it is fair, reasonable, and in the best interests of all Class members.

36.     Throughout this litigation, Miller and Dawson each spent considerable time assisting Class Counsel with fact investigation, reviewing pleadings, assisting Class Counsel in drafting a settlement demand, considering settlement terms, and, in Dawson's case, participating in mediation.

37.     A service award not to exceed $5,000 for each of the two Class Representatives is, in my experience and opinion, fully appropriate and warranted under the circumstances of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 22nd day of January 2018, at Cleveland, Ohio.

/s/ *Marc E. Dann*
Marc E. Dann

11