IN THE UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
11:08 am Mar 22 2018
Clerk U.S. District Court
Northern District of Ohio
Cleveland

| | |
|---|---|
| STEPHANIE MILLER<br><br>and<br><br>MARY ALYCE DAWSON<br><br>individually, and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>INTELEOS, INC., f/k/a the AMERICAN REGISTRY OF DIAGNOSTIC MEDICAL SONOGRAPHY, INC.<br><br>       Defendant. | CASE NO. 1:17-cv-00763-DAP<br><br>JUDGE DAN AARON POLSTER |

## FINAL APPROVAL ORDER AND JUDGMENT

The Court, having considered the Plaintiffs' Motion for Final Approval (the "Motion") of the settlement (the "Settlement") of the above-captioned case ("the Action") pursuant to the Settlement Agreement dated November 14, 2017, between Named Plaintiffs and Defendant (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion, and having held a Fairness Hearing on March 22, 2018, finds that:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of, and dissemination program for, the Notice fully complied with the requirements of Federal Rule of Civil Procedure 23(b) and due process,

constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the settlement of this Action.

3. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by Named Plaintiffs and Class Counsel.

4. The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

5. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of Plaintiffs' and Defendant's Released Claims. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

6. The persons listed on Exhibit A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

7. It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member and Defendant regarding a Settlement Matter (as defined below) should be presented exclusively to and resolved by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

8. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties, and Settlement Class Members who did not timely exclude themselves from the Settlement Class, are bound by the terms and conditions of the Settlement Agreement.

9. The following Settlement Class, which is made up of Subclass 1 and Subclass 2, is hereby finally certified, solely for purposes of this Settlement, pursuant to Federal Rule of Civil Procedure 23:

- "Affected Exam Takers" means the 403 exam takers who took one or more Registered Vascular Technology ("RVT") exams administered by ARDMS from September 6, 2016 to March 14, 2017 and who, because of a process error, received a "failing score" when they had in fact passed the exam(s).

- "Initial Check," "Initial Checks," or "Initial Check(s)" means the $250, $500, or $750 checks, depending on how many times the Affected Exam Taker took the RVT exam(s), that were sent by ARDMS to Affected Exam Takers to cover the cost of the RVT exam(s). "Initial Checks" also includes the amounts paid to a handful of individuals to reimburse them for the cost they paid to verify their score(s) and/or reimbursement for a practice exam(s) (amounting to an additional $35 and/or $25, respectively).

- "Subclass 1" means those Affected Exam Takers who received an Initial Check(s) from ARDMS, but did not cash the Initial Check(s) and did not request and did not receive additional compensation from ARDMS.

3

- "Subclass 2" means those Affected Exam Takers who cashed the Initial Checks sent to them by ARDMS and who did not request or receive additional compensation.

Excluded from the Settlement Class are: ARDMS and Inteleos, Inc., and their respective officers, directors, and employees, board members, affiliated, related companies, or entity that has a controlling interest in ARDMS or Inteleos, Inc., and all of their respective employees, agents, board members, affiliates, legal representatives, heirs, successors, or assigns, Class Counsel and their immediate family members, and the judge to whom this case is assigned and the judge's immediate family. The Settlement Class also does not include any of the Affected Non-Settlement Class Members, who are defined as those Affected Exam Takers who asked for and received additional compensation above and beyond the sum of the Initial Check(s) to compensate them for losses, including, *inter alia*, exam fees and related expenses, lost wages, lost opportunities, time spent studying and study materials, and/or consequential damages and/or emotional harm. ARDMS has asserted that the Affected Non-Settlement Class Members released their individual claims against ARDMS. The Court makes no finding as to the merits of this assertion. The Settlement Class also does not include George Ekukole and Danielle Seth-Hunter, who may have been part of Subclass 2 and who signed a retainer agreement with Class Counsel, but previously entered into a separate agreement and Class Counsel represented at Mediation that they would be excluded.

10. The requirements of Rule 23 have been satisfied for settlement purposes. The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the Settlement Class, which common questions

4

predominate over any questions affecting only individual members; and the Named Plaintiffs have fairly and adequately represented the interests of the Settlement Class.

11. The preliminary appointment of Named Plaintiffs Stephanie Miller and Mary Alyce Dawson as representatives of the Settlement Class and the following as Class Counsel are hereby confirmed:

> Marc E. Dann
> William C. Behrens
> Dann Law Firm Co., LPA
> P.O. Box 6031040
> Cleveland, OH 44103
>
> Thomas A. Zimmerman, Jr.
> Sharon A. Harris
> Maebetty Kirby
> ZIMMERMAN LAW OFFICES, P.C.
> 77 West Washington Street, Suite 1220
> Chicago, Illinois 60602

The Class Representatives have fairly and adequately represented the interests of the Settlement Class. Class Counsel are experienced in complex class litigation and have fairly and adequately represented the interests of the Settlement Class.

12. The Settlement Administrator is directed to distribute according to the terms of the Settlement Agreement the consideration provided for under the Settlement to members of the Settlement Class who have submitted valid Claim Forms. If there are any settlement checks not cashed within the six (6) month deadline, then such uncashed remaining settlement funds shall be paid to *cy pres* recipient, The Legal Aid Society of Cleveland. The Court approves of The Legal Aid Society of Cleveland as the *cy pres* recipient because it benefits the medical community to which sonographers belong, it is a non-profit in this forum where the case was litigated, and, given the expected small donation that may be made, if any, it will have the greatest impact on this local organization.

13. The Releasing Parties release and forever discharge the Released Parties from the Released Claims, as set forth below:

(A) <u>Plaintiffs' Released Claims:</u> Upon the Effective Date and in consideration of ARDMS' payment of the Settlement Amount, Named Plaintiffs and Settlement Class Members, on behalf of themselves, and their agents, representatives, attorneys, family members, heirs, representatives, executors, administrators, assignees, predecessors, and/or successors in interest, hereby fully, finally, and forever release and forever discharge American Registry for Diagnostic Medical Sonography, Inc., Inteleos, Inc., and ARDMS, and their agents, employees, owners, shareholders, principals, officers, directors, attorneys, heirs, representatives, executors, administrators, assignees, predecessors in interest, parent companies, subsidiaries, affiliates, related companies, and insurers, of and from all claims, causes of action, lawsuits, judgments, and demands of whatsoever in kind, in law or in equity, known or unknown, foreseen and unforeseen, that arise from or are related in any way to the Action, any fact and/or circumstance related to any incorrect scoring of any Registered Vascular Technology ("RVT") exam(s) taken by Plaintiffs, or any fact and/or circumstance which has been alleged, or which could have been alleged, in the Action arising out of the incorrect scoring of the RVT exam(s) (the "Plaintiffs' Released Claims").

(B) <u>Defendant's Released Claims.</u> Defendant and Defendant's counsel hereby release and forever discharge all claims, rights or causes of action, whether known or unknown, whether accrued or unaccrued, and whether arising under federal, state, local, statutory, or common law, rule or regulation, against the Named Plaintiffs, any of the Settlement Class Members, or Class Counsel, including their respective spouses, children, heirs, associates, co-owners, agents, administrators, executors, devisees, predecessors, and representatives, that arise out of or are in any way related to the prosecution of the Action.

14. The Released Claims include claims that are currently unknown to the respective Releasing Parties. The release in this Order and in the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the

6

United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

15. Named Plaintiffs, members of the Settlement Class, and Defendant are permanently enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any of their respective Released Claims. Any person or entity that knowingly violates such injunction shall pay the reasonable costs and attorneys' fees incurred by the other party as a result of such violation.

16. The Court hereby awards Settlement Class Counsel $190,880.33 for attorney's fees plus $5,327.62 in costs and expenses. The Court hereby approves payment of service awards of $5,000 to each of the two Class Representatives. The Court finds this award of attorney's fees and costs, and the service awards are fair and reasonable.

17. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement and all matters, disputes, claims or defenses arising out of or related in any way to the Settlement Agreement, including without limitation its applicability, administration, and consummation (collectively, the "Settlement Matters"). The Court also retains exclusive jurisdiction as to the Settlement Matters over Named Plaintiffs, members of the Settlement Class and Defendant, each of whom are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court with regard to all Settlement Matters and to have waived any defenses based on personal jurisdiction, venue, or that the forum is inconvenient. Without limiting the generality of the foregoing, any dispute arising out of or related in any way to the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a Settlement Matter.

18. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Defendant. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Defendant further maintains that it provided

full and complete disclosures to Affected Exam Takers and that by cashing their Initial Check(s) (*i.e.*, Subclass 2 Members) or by cashing checks for additional compensation (*i.e.*, Affected Non-Settlement Class Members), such Affected Exam Takers and Affected Non-Settlement Class Members have released their individual claims against Defendant and that such releases are valid and enforceable. The Court makes no finding as to the merits of these assertions. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcing its terms.

19. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including but not limited to the Parties' rights to engage in discovery and Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

20. No later than January 16, 2019, Class Counsel shall file a final accounting with the Court setting forth a summary of the payments from the Settlement Amount to the Settlement Administrator (for class notice and settlement administration), Class Counsel (for fees, costs, and expenses), the Class Representatives (for the Service Awards), and the Settlement Class Members.

21. The Action is hereby **DISMISSED WITH PREJUDICE** and without costs. This judgment has been entered without any admission by Defendant as to the merits of any of Named Plaintiffs' allegations in the Action.

22. The Court directs the Clerk to enter final judgment.

**SO ORDERED.**

Dated: 3/22/18

Hon. Dan Aaron Polster
United States District Court Judge

## EXHIBIT A

### To
### Final Approval Order

The following persons are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order:

Julie Valdes
Phonevilay Chiengkhamphet